HOLLAND TRUST COMPANY, as Trustee, etc., Respondent, *v.* THE CONSOLIDATED GAS AND ELECTRIC LIGHT COMPANY of Westchester County and Another, Appellants, Impleaded with Others.

*A receiver of a corporation under a first mortgage, superseding one appointed under a junior mortgage — effect of allegations upon information and belief — payment over of money collected.*

In a proper case a receiver should be appointed upon the foreclosure of a paramount mortgage given by a corporation, although a receiver has previously been appointed of the property of such corporation in an action instituted for the foreclosure of a junior mortgage.

The order appointing such a receiver should not direct the first receiver to pay over to the new receiver the income and money collected by him, but that question should be left for adjudication in a proper proceeding to recover them.

Upon an application for the appointment of a receiver, a verified complaint, made upon information and belief as to some of its allegations particularly within the knowledge of the defendant, when not met or denied either by answer or affidavits, fully establishes the facts therein alleged and the rights of the parties accruing from such facts.

APPEAL by the defendants, The Consolidated Gas and Electric Light Company of Westchester County and another, from an order of the Supreme Court, granted at the Westchester Special Term and entered in the clerk's office of the county of Westchester on the 28th day of November, 1894, removing Clarence D. Turney as receiver of the Consolidated Gas and Electric Light Company of Westchester County, and appointing James H. Moran as such receiver, and directing the said Clarence D. Turney to turn over to said James H. Moran all the property and effects of said company.

*Carlisle Norwood* and *Charles B. Reid,* for the appellants.

*George M. Van Hoesen,* for the respondent.

Cullen, J. :

This is an appeal from an order of the Special Term removing Clarence D. Turney as receiver of the property of the defendant the Consolidated Gas, etc., Company, and appointing James H. Moran receiver.

This action is to foreclose a mortgage of the plant and franchises of the defendant gas company, executed to secure the payment of a series of bonds. A subsequent mortgage was executed on the same property by that defendant to the defendant the American Debenture Company. A foreclosure of this second mortgage was instituted before this action was commenced, and in the earlier action Mr. Turney was appointed receiver.

There seems to be some misapprehension in the minds of the parties as to the character of these receiverships. Mr. Turney appears to have been appointed a general receiver of the corporation, and the order made in this action removes him as such receiver, and appoints as receiver in his stead Mr. Moran, who is also appointed receiver of the mortgaged premises and property. There was certainly no ground alleged in the complaint in this action for the appointment of a general receiver of the corporation, who stands in the nature of a statutory assignee. The case presented falls only within subdivision 2, section 1810, Code. The receiver whose appointment is authorized by this subdivision is only a receiver of the mortgaged property. The practice and power of the court is, therefore, substantially the same as it was in Equity or Chancery before these provisions of the Code. We judge from the papers that such should have been also the character of the earlier receiver. We have, therefore, here the simple case of an application made in the foreclosure of a paramount mortgage for the appointment of a receiver in that action for the benefit of the plaintiff therein.

If there was a proper case made for a receiver, one should have been appointed in this action, notwithstanding a receiver had been previously appointed in the foreclosure of the junior mortgage, for the earlier receivership inured, not to the benefit of this plaintiff, but solely to that of the junior mortgagee. (*Ranney* v. *Peyser*, 83 N. Y. 1.)

In that case it was held that a prior mortgagee, to reach the rents of mortgaged property, must obtain a receiver in his own action,

who, when appointed, would supersede the other receiver. This was, therefore, practically an original application for a receiver, and it rested in the discretion of the court as to whom it would appoint. Mr. Turney has no better ground of complaint of the failure to appoint him than any other applicant for the position would have.

The application was made on a verified complaint and affidavits. The complaint set out the mortgage, the issue of the bonds, default in the payment of the interest coupons and an election by the bondholders under the terms of the mortgage to declare the whole principal due. The default and election are alleged on information and belief. The affidavit sets forth the contents of the mortgage. No answer was made to the complaint nor any affidavit presented denying the default. The defendant insists that the allegations of the complaint as to the default and election, being made on information and belief, were insufficient to justify the order. Many cases are cited by counsel to show that allegations in affidavits made on information, without stating the source of the information, are not competent proof of the facts stated. All of these cases have arisen with reference to attachments or orders of arrest and are not in point. The Code requires that these provisional remedies shall be granted only on proof by affidavit of the necessary facts. But by the Code (§ 713) a receiver may be appointed "on the application of a party who establishes an apparent right to or interest in the property." We think that a verified complaint, even on information and belief, as to some of its allegations particularly within the knowledge of the defendant, when not met or denied either by answer or affidavits, fully establishes the facts therein alleged and the rights of the parties accruing from such facts. An attachment or order of arrest is granted *ex parte ;* a receiver can be appointed only on notice, thus giving the party proceeded against an opportunity to set up any defense or controvert any claim.

If it be conceded that there should have been positive proof of the election of the bondholders to declare the principal due, that fact would not affect the plaintiff's right under this mortgage to the appointment of a receiver. The mortgage executed to it expressly pledged not only the property, but the revenues and rents, and provided that, upon filing a bill to foreclose, the trustee should have the right to a receiver of the same. It was, therefore, not necessary

that the whole principal should be due to authorize the appointment of a receiver. (*Hollenbeck* v. *Donnell,* 94 N. Y. 342.)

So far as relates to the income and moneys collected by the first receiver, it seems fairly debatable whether the plaintiff in this action is entitled to receive them or not. At least the question should not have been determined on this application ; it should be left for adjudication in a proper proceeding to recover them. In this respect, we think, the order below was erroneous.

The order appealed from should be modified by striking out such parts thereof as appoint a receiver of other than the mortgaged property and franchises, and also so much thereof as directs Turney, receiver, to pay over to the new receiver the moneys in his hands, and in all other respects affirmed, without costs of this appeal to either party.

BROWN, P. J., concurred ; DYKMAN, J., not sitting.

Order modified by striking out such parts thereof as appoint a receiver of other than the mortgaged property and franchises, and such part as directs Turney, receiver, to pay over to the new receiver the money in his hands. In all other respects the order is affirmed, without costs.