### ROSS v. VERNAM et al.

(Supreme Court, Appellate Division, Second Department.    June 23, 1896.)

1. RECEIVERS—APPOINTMENT—MORTGAGE PROPERTY.

On an application for a receiver, by plaintiff in an action to foreclose a mortgage, the moving affidavit stated that no interest had been paid for three years, that the mortgagors were insolvent, that taxes to a large amount had accumulated on the mortgaged premises, that the only income derived therefrom was the use for about four months a year as a summer hotel, and that the buildings were out of repair.  The opposing affidavit alleged that plaintiff had stated, a few years before, that the value of the property covered by his mortgage was largely in excess of the liens thereon, specifying the value of each parcel.  Plaintiff's answering affidavit denied making such statement, and alleged that a parcel valued by defendant at $46,000 had been unsuccessfully offered for sale at $15,000, that the title of another valued at $69,000 was defective, and that another parcel valued at $120,000 was worth only $40,000.  Plaintiff's affidavit was supported by the affidavit of a dealer in real estate in the neighborhood.  *Held,* that the evidence was sufficient to justify a finding that the security was so uncertain as to justify the appointment of a receiver.

2. MORTGAGES—RIGHTS OF MORTGAGEES INTER SE.

Whether a mortgagee, by releasing a part of the premises without reducing the amount of the mortgage debt, loses his lien as against subsequent mortgagees, will not be determined on a motion for the appointment of a receiver, but will be left for determination at the trial of the action.

Appeal from special term, Queens county.

Action by Reuben W. Ross against Florence G. Vernam and others to foreclose a mortgage.    From an order appointing a receiver of the mortgaged premises, defendants appeal.    Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Albert Stickney, for appellants.
Wm. J. Leitch, for respondent.

HATCH, J.    The action is brought to foreclose a mortgage, and the plaintiff asks for the appointment of a receiver of the rents, issues, and profits of the property pendente lite.    The property affected by this action is situated in the town of Hempstead, Long Island, and consists of a large summer hotel and adjoining cottages and certain parcels of vacant land.    The parties to this appeal stand in this relation: Eva J. Rogers, Ella R. Downs, and Estelle M. Ross are the holders of a first mortgage upon the hotel property for $102,000.    Plaintiff's mortgage for $50,000, upon which there is now due something over $60,000, is a second lien upon the hotel property and a first lien upon the vacant land.    The parties holding the first mortgage also hold another mortgage for $9,543 upon the hotel property, junior to plaintiff's mortgage; and William S. Rogers holds a mortgage for $11,070 upon the hotel property, also

junior to plaintiff's mortgage. Both of the last-mentioned mortgages are in process of foreclosure, and prior to the present motion William S. Rogers applied for and obtained the appointment of a receiver of the rents and profits of the hotel property in his foreclosure action. The mortgagor was not represented upon the motion nor upon this appeal. The question, therefore, is one which presents the rights and equities of several lienors, and not the usual one between mortgagee and mortgagor. A general equitable principle entitles the mortgagee to the appointment of a receiver pending his action of foreclosure, so far as to preserve the rents and profits of the property to meet any deficiency which may arise upon the sale of the property. Hollenbeck v. Donnell, 94 N. Y. 342; Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814. In the absence of a clause in the mortgage pledging the rents and profits of the premises as security for the mortgage debt, the mortgagor is entitled thereto before a sale of the premises is had, and such right can only be defeated by showing that the mortgaged property is an inadequate security for the payment of the mortgage debt, and such fact must appear with reasonable certainty. Smith v. Kelley, 31 Hun, 389; Burlingame v. Parce, 12 Hun, 144. And where the rights of third persons intervene the moving party is required to show a superior equity. Bank v. Tallman, 31 Barb. 201. So far as superiority of lien is concerned, the plaintiff is entitled to take, and this condition carries with it a superior equity if in fact the security be inadequate, for he is entitled to have his debt first paid. If he omits to move for the appointment of a receiver pending his action, or fails to secure the appointment of one, then he loses all interest in and title to the rents and profits prior to a sale of the premises, even though the sum realized upon the sale is insufficient to satisfy his judgment. Insurance Co. v. Fleischauer, 10 Hun, 117. If, therefore, the moving papers present a case showing inadequacy of security, then it follows that plaintiff not only presents a superior lien, but a superior equity, for otherwise defendants may divert and apply upon their debt what equity would give to plaintiff upon his taking the steps necessary to secure it. We are therefore relegated to a consideration of the case made. The moving papers show that the plaintiff's mortgage was given January 29, 1891, payable four months from its date. When it fell due, an agreement was made providing for payments semiannually, and extending final payment until May 1, 1897; and in default of payment of principal or interest the whole sum should become due and payable at the option of the holder. No part of either principal or interest has been paid. Taxes have been permitted to accumulate upon the property in the sum of over $13,000, and the premises have been advertised for sale for nonpayment. No interest has been paid upon the prior mortgage for three years, and the mortgagors are insolvent. The only income derived from the property is its use for about four months in the year as a summer hotel. The buildings have become out of repair, and it will require about $10,000 to make needed improvements. The complaint alleges that there is due upon plaintiff's mortgage $55,792, with interest thereon from May 1, 1893. The

opposing affidavit, made by defendant William S. Rogers, consists of a statement alleged to have been made by plaintiff in the fall of 1892, to the effect that the value of the property covered by the plaintiff's mortgage, exclusive of the hotel property, was $250,300, and the specific valuation of the different parcels is given, which Rogers states he wrote down at the time. The answering affidavit by plaintiff denies the making of these statements, and in detail he states that the second and third plots, valued by defendant at $46,000, are not worth that sum, but that similar plots to this are offered for sale at $15,000, with no purchasers. The fifth plot, which was valued at $69,300, plaintiff states that the title is defective, that the hotel company has been ousted of possession by a decree of the court in ejectment, and the same is valueless. The sixth plot, valued at $120,000, defendants state was purchased about six years ago for $50 an acre, and that the entire property is only worth about $40,000. The affidavit of plaintiff is substantially supported in all respects by the affidavit of Sigismund Washing, who resides near the hotel property, and is an agent and dealer in real estate, acquainted with the property and its value. It is apparent from this evidence that, instead of defendants showing the security to be adequate for the payment of plaintiff's mortgage, as is claimed, the preponderance of testimony is to the effect that his security is quite precarious, and likely to prove inadequate. It was clearly sufficient to warrant the court below in determining that, if the security was not actually inadequate, it was so uncertain as to make an order impounding the rents proper. And we see no reason for interference with the discretion which the court has exercised in the appointment of a receiver for plaintiff's protection.

The further claim is made that plaintiff has voluntarily released a portion of his security without reducing the amount of the mortgage debt, and has consequently discharged his mortgage as a lien upon the hotel property as to these defendants. This claim is based upon an allegation of the complaint that plaintiff and his uncle, through whom he derives title to the mortgage, have heretofore released certain premises, describing them, from the lien of the mortgage. It is sufficient, in answer, to say that defendants may secure all the protection to which they can equitably show themselves entitled in this respect when the case comes to trial, while, if the application should be now denied, and plaintiff should show upon the trial that defendants' claim was unfounded, he would still be without remedy, so far as the rents are concerned; for, as we have seen, in order to reach them it is required that he shall take steps to impound them pending his action, otherwise he has only the security of the mortgaged property. Defendants are in no wise prejudiced by this result. The rents still remain to be applied upon their claims if the property on a sale proves sufficient to pay plaintiff's mortgage, and if they defeat his claim for any legal cause the impounded rents in like manner inure to their benefit. Nor can we say, as matter of law, that a release of part of the premises operates to defeat plaintiff's lien upon the property as against the defendants. It was said by Judge Folger, in Kendall v. Woodruff, 87 N. Y. 1:

"It is not always that a release of a part of mortgaged premises, given with knowledge of a prior conveyance of another part that remains unreleased, is held inequitable. It is not a technical discharge of that part; nor is it an equitable release or discharge, unless upon the principles of natural equity and justice it ought to operate against the mortgagees giving the release."

The determination of this question should not be had upon a motion of this character, but its disposition is properly left for the trial, where all the facts will be developed upon which the equities of the parties can be settled and adjusted.

The order should be affirmed, with $10 costs and disbursements. All concur, except PRATT, J., not voting.