PUTNAM v. McALLISTER.

(Supreme Court, Special Term, New York County. April 10, 1899.)

1 MORTGAGE FORECLOSURE—RECEIVER—JUNIOR MORTGAGEES.
Where a receiver has been appointed in foreclosure proceedings by the third mortgagee, and it is doubtful whether the value of the lands exceeds the amount of the first mortgage, the second mortgagee, on foreclosing, may have the receivership extended to cover his mortgage.

2. SAME—APPOINTMENT—NOTICE.
A provision of a mortgage, that if the mortgagee, on foreclosing, procures the appointment of a receiver (which the mortgage authorizes as of right), eight days' notice shall be given, does not apply to an application for a receiver because of the inadequacy of the security.

8. SAME—MORTGAGEE AS RECEIVER.
Where a second mortgagee, who has been appointed receiver on foreclosure by the third mortgagee, commences proceedings on his own mortgage and applies for a receiver therein, a new receiver will be appointed for both actions, if objection is made to the propriety of the second mortgagee acting as receiver, though there be no question as to his good faith.

Action by James D. Putnam against Margaret McAllister for foreclosure. Heard on motion for the appointment of a receiver. Granted.

John W. Pirsson, for the motion.
Meyer & Friend, opposed.

GIEGERICH, J.   A receiver of rents and profits, pending fore-closure, having been appointed at the instance of a third mortgagee, application is now made by the second mortgagee to extend the re-ceivership to his action upon the ground that the security is inade-quate.   There is a conflict of opinion as to the value of the premises, and I incline to the view that there is serious doubt as to the ade-quacy of the security to meet the plaintiff's claim, over the amount of the first mortgage.   Moreover, the third mortgagee loses nothing by the extension, if it is found eventually that the plaintiff's mort-gage is covered by the selling price of the property.   Ross v. Ver-nam, 6 App. Div. 246, 250, 39 N. Y. Supp. 1031.   The objection that eight days' notice of motion for the receivership was required by the terms of the mortgage does not appear to have much force, since the notice thus prescribed had to do with the case solely of a motion for a receiver, as of right, without regard to the value of the security, and the present motion is not founded upon the terms of the mort-gage, but upon the extrinsic merits of the case.   The plaintiff him-self is the receiver for the third mortgagee, and, while there appears to be no reason to doubt his good faith, the order should provide for the appointment of a new receiver for the purposes of both actions, since objection to the propriety of the plaintiff's position is raised. Motion granted, as indicated.   Settle order on two days' notice.