FRANKENSTEIN v. HAMBURGER et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

MORTGAGES—RECEIVERS FOR RENTS AND PROFITS—PAYMENT OF TAXES—RIGHTS OF SEVERAL MORTGAGEES—SUBROGATION.

A third mortgagee procured the appointment of a receiver to collect the rents and profits in a suit to foreclose his mortgage without giving notice of the application for the appointment to a second mortgagee, who was a party to the suit, though he was entitled thereto under Code Civ. Proc. § 714, providing that notice of such application shall be given to parties who have appeared, or when the time limited for such appearance has not expired. The order of appointment directed the receiver to pay taxes and water rents due or to become due. The second mortgagee had prior thereto used diligence to have a receiver appointed in a suit to foreclose his mortgage. Thereafter the first mortgage was foreclosed, and the property sold, and there was a surplus of the proceeds to apply on the second mortgage after paying the first mortgage debt, taxes, and water rents therefrom. Held, that the second mortgagee was entitled, by subrogation, to recover the amount of the taxes and water rents so paid from the rents and profits collected by the receiver, even though the second mortgagee had made no motion to require the receiver to pay such taxes and rents, as the sum he received from the proceeds of the first mortgage sale was reduced by the failure of the receiver to pay such taxes and rents as directed by the order.

Appeal from special term, New York county.

Mortgage foreclosure suit by Alexander Frankenstein against Barnett Hamburger and others. From an order directing a receiver to pay a certain sum from rents and profits collected, the plaintiff and the receiver appeal. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

A. H. Parkhurst, for appellant Frankenstein.

Max L. Schallek, for respondent.

LAUGHLIN, J. This is an action to foreclose a third mortgage upon real estate. The appeal is from an order settling the accounts of appellant Prince as receiver of rents and profits. The respondent Berinstein held a second mortgage upon the same premises, and commenced an action to foreclose it on the 13th day of November, 1900,—15 days before this action was begun—making the plaintiff herein a party. On the 19th of November, 1900, between the commencement of Berinstein's action and this, an action was brought to foreclose the first mortgage upon the premises, and both the second and third mortgagees were made parties defendant. Berinstein made an application to the court on the 19th day of November, 1900, for the appointment of a receiver of the rents and profits of the premises. This motion was denied, without prejudice to renewal, on the 12th day of December, 1900, upon the ground that the affidavits were so conflicting that it was impossible to determine whether it was necessary for the protection of the plaintiff that a receiver should be appointed. The referee was appointed by an order granted by default on the 18th day of December, 1900, but no notice of the application was given to the defendant Berinstein. The order recited that Prince was appointed receiver of the rents and profits then due or to grow due during the pendency of the action "for the benefit of the plaintiff," and it further provided, among other things, as follows: "And said receiver is further authorized and directed to make such ordinary repairs on said premises as may be necessary, and to pay the taxes and water rents now or hereafter due thereon, and to keep the same insured against loss by fire for the benefit of plaintiff." At the time of the appointment of the receiver, or during the receivership, and prior to the judgment of foreclosure, there were taxes due and unpaid aggregating $519.05, and during the same period the sum of $404.70 was due and unpaid for water rates on said premises. There remained in the hands of the receiver the sum of $852.62, being collections for rent, but he did not pay the taxes or water rates. The action brought to foreclose the senior mortgage proceeded to judgment and foreclosure sale. There was a surplus after paying the first mortgage, these taxes and water rates, and the costs and expenses. That surplus was subsequently duly applied on the second mortgage, but it still left a deficiency. The other foreclosure actions were abandoned. Berinstein now claims the fund in the hands of the receiver on the ground that it was the mandatory duty of the receiver, under the order, to pay the taxes and water rates, and that his failure so to do reduced the surplus applicable to the payment of the second mortgage by just that amount. The plaintiff contends, on the authority of Insurance Co. v. Fleischauer, 10 Hun, 117, and Ranney v. Peyser, 83 N. Y. 1, that the receiver was appointed solely for his benefit, and that he was under no obligation to pay the taxes and water rates unless it was for the interest of the plaintiff that he should do so. Were it not for the provision

of the order which requires the receiver to pay the taxes and water rates, there could be no doubt that the plaintiff would be entitled to all the rents and profits collected by the receiver. A mortgagee has no legal or equitable interest in the rents and profits until, on his application, a receiver thereof is appointed for his benefit. But Berinstein was a party defendant. He was entitled to notice of the application for the appointment of the receiver (Code Civ. Proc. § 714); but for some undisclosed reason the plaintiff failed to give such notice. The referee to whom the settlement of the accounts of the receiver was referred found, and the special term has approved the finding, that Berinstein used all due diligence to have a receiver appointed. Within a few days after his application was denied, the plaintiff, ex parte as to him, obtained the order appointing a receiver. It may be assumed that he subsequently had notice of the granting of the order, and he had, we think, a right to assume that the receiver would apply any surplus of moneys received over and above his commissions and expenses to the payment of taxes and water rates. It may well be that Berinstein, relying upon these provisions of the order, refrained from renewing his application for the appointment of a receiver in his own foreclosure action, or having this receivership extended to his mortgage. The provision of the order is, we think, mandatory, and in that respect the case is distinguishable from the Ranney Case, supra. Berinstein's right to have the taxes and water rates paid by the receiver was not lost by his failure to make a motion to compel such payment. The solution of this question depends upon equitable principles. The payment having been made out of funds that would otherwise come into his hands, he will be deemed subrogated to the right to have the money so applied.

For these reasons the order should be affirmed, with $10 costs and disbursements. All concur.