## MADISON TRUST CO. v. AXT et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1911.)

MORTGAGES (§ 473*)—RECEIVERSHIP—COLLECTION OF RENTS—RIGHTS OF MORT-
          GAGEE.

A junior mortgagee, who brings foreclosure, and who secures the appointment of a receiver of the rents for his benefit, acquires a special lien on the rents collected down to the entering of an order extending the receivership to an action by a prior mortgagee to foreclose, and the rents collected prior to such order may not be thereafter used for the repair of the premises.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1384; Dec. Dig. § 473.*]

Appeal from Special Term, New York County.

Action by the Madison Trust Company (Van Norden Trust Company) against Alexander Axt and others.   From an order directing the distribution of rents collected by a receiver in foreclosure proceedings, plaintiff appeals.   Modified and affirmed.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGH-LIN, SCOTT, and DOWLING, JJ.

Allen W. Ashburn, Jr. (Albert Southard Wright, of counsel), for appellant.

Strauss, Reich & Boyer (Charles Strauss, of counsel), for respondent Strauss.

Nathan G. Goldberger, for receiver.

CLARKE, J.   This action was brought by the plaintiff to foreclose a third mortgage held by it on certain tenement property known as 4000 Third avenue.   Immediately after the action was commenced, and on April 4, 1910, plaintiff made an ex parte application for and obtained, on the ground of inadequacy of the security, a receiver of the rents, issues, and profits of the premises for the benefit of the plaintiff.   The receiver was authorized to keep the property insured against loss or damage by fire and in repair and to pay the taxes, assessments, and water rates.

On December 12, 1910, judgment was entered directing a sale of the premises to satisfy plaintiff's claim of about $3,000, and on January 9, 1911, the property was offered for sale at public auction, to be sold subject to the first mortgage of $13,000 and a second mortgage of $2,000.   No bid was made at the sale, and the property, accordingly, had to be withdrawn.

The receiver, solely under the authority of the order appointing him in this action, collected the rents down to March 13, 1911, amount-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing to $864.46. On said day, in another action brought by the respondent Strauss to foreclose his second mortgage of $2,000, an order was entered extending the receivership of this action to that action, and on or about April 11, 1911, the receiver at the instigation, as is alleged, of the respondent Strauss, not a party to this action, obtained an order directing plaintiff and the said Strauss to show cause why an order should not be made directing and instructing the receiver to apply the rents in his possession, including those collected by him prior to March 13, 1911, as well as those collected since, to the making of repairs to the premises and to the payment of any unpaid taxes upon the premises. The Special Term, over the opposition of the plaintiff, granted the motion as to repairs but not as to the taxes, and from the order entered thereon this appeal is taken.

The appellant concedes that its interests in the rents collected since the extension of the receivership—that is to say, since March 13, 1911—must give way to the priority of the second mortgage, and therefore does not object to the application of the sums thereafter collected to repairs, but claims that it acquired a specific lien on the rents collected prior to said date.

The receiver was not appointed in this action generally for the benefit of all parties according to their respective interests, but was specifically appointed for the benefit of the plaintiff. Washington Life v. Fleischauer, 10 Hun, 117, was an action brought for the foreclosure of the first mortgage where a second mortgagee applied for and obtained a receiver for his own benefit. After a sale of the property had resulted in a deficiency, a contest arose between plaintiff and defendant as to which was entitled to the collections made by the receiver. Mr. Justice Daniels said:

"The defendant applied for the receiver in his own behalf solely and not generally in the action. That he had the right to do, and the parties holding earlier incumbrances on the property could have done the same at any time during the pendency of the action, and that would, from the time of favorable action as to either of them, have suspended the special clause of the order made in favor of the defendant who procured it. But, as long as they failed to take any proceeding to secure the collection of the rents for themselves, they were not in a situation to complain of those of the respondent. If it had not been for his application and the order made upon it, the owner of the equity of redemption would, by their practical assent, have himself received and appropriated the rents and profits of the premises during the pendency of the action. He has intervened and prevented that, not for them, but exclusively for himself, and it would be inequitable now to allow him to be deprived of the advantage which his diligence alone has secured. * * * The case is within the principle applied in the decision of Howell v. Ripley, 10 Paige, 43, where the contest concerning the rents was between the complainants in two separate actions of foreclosure, and it was held that the junior incumbrancer could not be divested of his right to the rents and profits in favor of the party holding the first mortgage, until he had procured the appointment of a receiver, who should collect them for his benefit and subordinate to his own superior rights."

In Ranney v. Peyser, 83 N. Y. 1, Rapallo, J., said:

"The plaintiff procured the receivership of the rents of the mortgaged premises for his own benefit as junior mortgagee. He did not obtain it for the benefit of Maas, the prior mortgagee, who was not a party * * * and had nothing to do with the receivership. If the plaintiff had not obtained it,

the rents would have gone into the hands of Peyser, the mortgagor. * * * Until Maas took that step (an application for a receivership of his own), he had no right to the rents. * * * So long as Maas neglected to take any legal measures on his own behalf to secure the rents, he had no concern with them or the application of them. It is evident that the plaintiff as junior mortgagee was interested in keeping the premises insured and in repair and in keeping down the ground rent and taxes so that he might secure to himself any surplus which should arise on a sale under the first mortgage, but we do not think that he assumed an obligation to do so for the benefit of the prior mortgagee, in case of a deficiency which should leave no hope of a surplus. * * * We think there is no equity in compelling the plaintiff who has lost his entire security to go farther and relieve Maas from the taxes which were liens upon the property when he bought at the foreclosure sale."

And it was accordingly held that:

"The plaintiff, by his superior diligence, acquired a specific lien upon the rents in question superior to any equities of the first mortgagee, and we think he is entitled to retain them to apply upon his mortgage."

In that case the court also said:

"It was held that he (the receiver) was directed by that order to apply the rents to the payment of the ground rent and taxes; that this direction was for the benefit of Maas, or the mortgagor; and that it was misconduct on the part of the plaintiff not to apply the rents as thus directed. We do not concur in this construction of the order. The plaintiff as receiver was empowered by the order to keep the buildings insured and in repair and to pay the ground rent and taxes; but he was not directed to do so. The order was obtained by himself, and this authority was manifestly inserted for his own protection and is a usual provision in such orders. Maas was not a party to the proceeding, and it cannot be supposed that this provision was voluntarily inserted by the plaintiff for the benefit of Maas, a stranger to it. The language of the order is permissive only, not mandatory."

We think, therefore, that the plaintiff is entitled to the specific lien upon the rents collected by the receiver appointed upon its application, due to its diligence, down to the time of the entry of the order extending the receivership in the second action.

The order appealed from should therefore be modified by inserting after the words, "and instructed to apply the moneys in his possession," the clause, "collected after the 13th of March, 1911," and, as so modified, affirmed, with $10 costs and disbursements to the appellant. All concur.