SCHNEIDER, Respondent, vs. MILLER and others, imp., Appellants.

*November 21—December 9, 1913.*

*Mortgages: Foreclosure: Receivers: Removal: Appeal by receiver:
Deficiency judgment against wife.*

1. After the plaintiff in an action to foreclose a first mortgage had
   applied for a receiver, and after notice of *lis pendens* had been
   filed, an action to foreclose a second mortgage was commenced
   without making said plaintiff a party, and thereafter judgment
   by default was taken in the second action and a receiver appointed therein, without notice to the plaintiff in the first action, to collect the rents and profits of the mortgaged premises.
   Said plaintiff, who was entitled to have the rents and profits
   applied on the first mortgage, made the receiver a defendant
   in the first action. *Held,* that the court had the right to remove such receiver and appoint another in his stead.
2. Such receiver having answered in the first action that he was
   indifferent whether he continued as receiver or not, and having appealed without leave of court from a judgment for
   plaintiff in that action, it is *held* that he has no substantial
   ground upon which to ask for a reversal of that judgment.
3. Where the mortgaged property was owned jointly by husband
   and wife and the note secured was signed by both, and the
   mortgage was given to pay a prior mortgage on the same
   premises, it was proper in the judgment of foreclosure to provide for a deficiency judgment against the wife.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

S. W. Dalberg, for the appellants.

For the respondent there was a brief by *Austin, Fehr &
Gehrz,* and oral argument by *G. G. Gehrz.*

BARNES, J. This action was brought in October, 1911,
to foreclose a mortgage given to secure the payment of three
notes dated October 28, 1903, and which by their terms
became due in one, two, and five years from date. In
April, 1912, the summons and complaint were amended so

as to bring in additional parties, and they were again amended in August, 1912, for the same purpose. The defense interposed was that the time of payment of the notes had been extended so that there was nothing due when the action was brought. It was also alleged that plaintiff was not entitled to have a receiver appointed, because the premises constituted the homestead of the mortgagors and because a receiver had already been appointed in another action. The court found all the issues in favor of the plaintiff. The mortgagors, *John* and *Anna Miller,* appeal from the judgment, as does *Julia D. Bowers,* the assignee of a second mortgage on the premises. *A. C. Rudolph,* the receiver appointed in the action brought to foreclose a second mortgage on the premises, also appeals.

The errors relied on are: (1) Failure to find that the time of payment had been extended. (2) Refusal to hold that the mortgaged premises were the homestead of the mortgagors. (3) Appointment of a receiver. (4) Allowing interest on past-due instalment of interest and on amount paid by mortgagee for insurance. (5) Allowing costs and $100 solicitor's fees. (6) Ordering a judgment for deficiency against *Anna Miller.* (7) Allowing the second amendment to the complaint. (8) Making findings which failed to dispose of the issues in the case.

1 and 2. The finding of the court that the time of payment of the notes was not extended to or beyond the time when the action was begun is amply supported by the evidence. So is the finding that the premises were not the homestead of the mortgagors. This being so, on the showing made the case was a proper one for the appointment of a receiver.

3. The second mortgagee was made a party in the present suit. After plaintiff applied for a receiver and after notice of *lis pendens* had been filed, such second mortgagee commenced an action to foreclose his mortgage, the plaintiff

not being made a party thereto. Subsequently the mortgage was assigned to *Mrs. Bowers,* who proceeded to take judgment by default and to have a receiver appointed, without notice to the plaintiff, to collect the rents and profits of the mortgaged premises. The plaintiff, as the holder of the first lien on the mortgaged premises, was entitled to have the net proceeds of the receivership applied on her mortgage. The receiver appointed was made a party to the present action, and filed an answer in which he stated that he was "entirely indifferent as to whether he is to continue as receiver or not." The court had the right to remove the receiver already appointed and to name another in his stead, and in view of the allegation quoted from the answer of the receiver and the fact that he appealed from the judgment without first obtaining leave of court, we do not think he has any substantial ground on which to ask a reversal of the judgment. The other appellants have failed to show that they were injured by the appointment of a new receiver.

4. The mortgage expressly provided for the payment of interest on past-due instalments of interest and also for interest on amounts disbursed for insurance; so there was no error in making such allowances.

5. The items of costs allowed appear to be legal, and the evidence showed that the solicitor's fees provided for in the mortgage were reasonable.

6. The property mortgaged was owned jointly by the defendants *John Miller* and his wife, *Anna.* The mortgage was given to pay a prior mortgage on the same premises. The note was signed by both of the parties. Under these facts it was proper to provide for a deficiency judgment against *Anna Miller. Kriz v. Peege,* 119 Wis. 105, 95 N. W. 108; *Citizens L. & T. Co. v. Witte,* 116 Wis. 60, 92 N. W. 443. In the instant case the wife assisted in borrowing the money to preserve her own property, and charged that

property with the payment of the note which evidenced her own debt as well as the debt of her husband.

We do not think there is any merit in the seventh or eighth errors assigned.

*By the Court.*—Judgment affirmed.