CHARLES I. KLINGENSTEIN and Others, as Executors, etc., of JACOB K. LEVY, Deceased, and Others, Respondents, *v.* COOLIDGE HOLDING Co., INC., and Others, Defendants, Impleaded with SUPERIOR REIGN Co., INC., Appellant.

REGINALD FIELD, Receiver, Respondent.

First Department, November 29, 1929.

*Herman M. Schaap* of counsel [*Herman Gottlieb*, attorney], for the appellant.

*Henry I. Fillman* of counsel [*Joseph J. Corn* and *Arthur G. Silverman* with him on the brief; *Eisman, Lee, Corn & Lewine*, attorneys], for the plaintiffs, respondents.

*George G. Lake*, for the respondent Reginald Field.

PROSKAUER, J. The Superior Reign Co., Inc., instituted an action to foreclose a third mortgage upon real estate situated at 391–393 Broadway, New York city. An order was made upon its application appointing Reginald Field receiver of the rents, and, in its resettled form, authorizing, but not directing, him to pay running expenses. Thereafter the plaintiffs sued to foreclose a second mortgage upon the same property and procured an order extending the receivership for its benefit. The receiver has in his possession net rentals collected prior to the time of the extension of his receivership in the sum of $17,315, subject to certain undisputed bills and to his commissions and the fees of his attorney.

The third mortgagee appeals from an order of Special Term directing the receiver to pay from these moneys, as well as from all other moneys in his possession, all taxes and assessments which are or may become a lien upon the premises during the pendency of the action. At the time of his original appointment there were no unpaid taxes. The effect of the Special Term order is to deprive the third mortgagee of the surplus rents collected during the time when the receiver was functioning solely for its benefit and to compel their application to a payment of taxes which will enure to the benefit of the second mortgagee. The rents collected prior to the extension of the receivership should be applied solely for the benefit of the third mortgagee.

It is conceded that by the exercise of diligence in securing the appointment of a receiver the third mortgagee could get the benefit of these rents. (*Ranney* v. *Peyser*, 83 N. Y. 1; *Madison Trust Co.* v. *Axt, No. 1*, 146 App. Div. 121.) If it had not applied for a receivership, the rents would not have been used for the benefit of the second mortgagee, but would have been collected by the owner of the property. It is inequitable that the second mortgagee should now by indirection get the benefit of them.

The respondents insist that the resettled order appointing the receiver, and consented to by the Superior Reign Co., Inc., estops the appellant from asserting its claim. The order, however, contained no direction to the receiver to pay taxes or any other running expense. It was merely permissive. The controversy here is solely between the second and third mortgagees, and there is nothing in the language of the resettled order appointing the receiver which impairs the rights of the third mortgagee as against those of the second mortgagee.

For these reasons, the first order appealed from should be reversed, with ten dollars costs and disbursements, and the motion of the defendant Superior Reign Co., Inc., granted, with ten dollars costs; and the second order appealed from should be reversed and the receiver's prayer for instructions granted in accordance with this opinion.

MERRELL and FINCH, JJ., concur; DOWLING, P. J., and McAVOY, J., dissent.

McAVOY, J. (dissenting). Superior Reign Co., Inc., on March 1, 1929, commenced an action to foreclose a third mortgage upon premises 391–393 Broadway. Neither the first nor second mortgagee was made a party to that action. On the same day a receiver was appointed of the rents of the premises, but without authority

to pay the running expenses. A resettled order was made granting the receiver authority to pay the usual and necessary running expenses of the premises, but excluding prior mortgage interest or installments. *The defendant, appellant herein, consented to the making and entry of this resettled order, and placed its indorsement thereon.*

Subsequently (May 3, 1929) the plaintiffs commenced an action to foreclose their second mortgage on the same property. The court then made an *ex parte* order extending the first receivership for the benefit of these plaintiffs, directing the payment of " all interest which is or may hereafter become due and payable on the first mortgage * * * out of such rents, issues and profits of said premises *as are now or may* hereafter come into his hands * * * *heretofore* or hereafter received by him."

Superior Reign Co., Inc., made a motion to strike out the words " as now are " and " heretofore;" or to eliminate the whole paragraph and substitute a paragraph *directing the receiver to pay out of rents received after May 7, 1929, the date of the order.* This motion was denied, and Superior Reign Co., Inc., is appealing from that order.

The receiver then made a motion for instructions as to the disposition of the funds " heretofore " collected by him, and particularly whether they might be used for taxes, penalties, etc. The court then made an order dated June 13, 1929, directing him to pay taxes, etc., as running expenses out of moneys received since March 14, 1929, the day on which the receiver was appointed for Superior Reign Co., Inc., on their third mortgage foreclosure.

Superior Reign Co., Inc., appeals from so much of that order as permits the receiver to include the real estate taxes as a " running expense " of the property.

The appellant having consented to the order of March 14, 1929, granting authority to the receiver to pay the " usual and necessary running expenses," we think he cannot now object to the payment of taxes by the receiver since they constitute a " necessary running expense."

Superior Reign Co., Inc., contends that the receiver should apply the moneys received by him *after May 7, 1929,* in the interests of the second mortgagee and not the moneys received prior thereto; that the receiver was appointed for the benefit of the third mortgagee and the fund is not subject to the provisions of the prior order to pay taxes for the benefit of the second mortgagee. But since the taxes are a necessary running expense we think they were properly payable out of rent under the order of March 14, 1929.

The orders appealed from should, therefore, be affirmed, with ten dollars costs and disbursements to the respondents.

DOWLING, P. J., concurs.

Order appealed from entered May 21, 1929, reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Order appealed from entered June 13, 1929, reversed and receiver's prayer for instructions granted in accordance with opinion.