BAGDAD TRADERS, INC., Plaintiff, *v.* JOSEPH SHANSKE and Others, Defendants.

Supreme Court, Bronx County, May 7, 1930.

*Levy, Gutman & Goldberg,* for the plaintiff, Bagdad Traders, Inc., second mortgagee.

*Herbert A. Lien,* attorney for the plaintiff Henry Fliegler, third mortgagee.

*Abraham Wilson,* for D. Robert Kaplan, receiver.

HAMMER, J. This is a motion to settle the receiver's account and for an order directing him to make payment of the balance in his possession. It appears that this action is brought to foreclose a second mortgage on certain premises described in the complaint. A prior action was brought by one Henry Fliegler, the holder of a third mortgage on the same premises. In this prior action, by order of this court, dated June 5, 1929, a receiver of the rents was appointed. In said order it was provided that " Said receiver is hereby authorized from time to time as may be necessary to rent for terms not exceeding one year any of said premises; to keep the property insured against loss or damage by fire, and in repair, and to pay insurance premiums, taxes, assessments and water rates upon said premises, to pay interest upon any prior mortgages, and to employ an agent and/or attorney to enable him to properly fulfill his duties as such receiver."

It is further provided: " Out of the monies received by said Receiver after deducting such monies as are absolutely necessary to keep the premises in repair, he first pay the insurance premiums, taxes, assessments and water rates herein, and interest, if any, upon

prior mortgages, and retain the balance, if any, until the further order of this court in the premises."

In this, the second mortgagee's action, an order dated September 11, 1929, was made appointing the receiver in this action of the rents of the mortgaged premises and it was provided therein: " That said receiver is hereby authorized to enter into and upon and take possession of the mortgaged premises and collect and receive and take all moneys now due and to become due for rent and use and occupation now accrued and to accrue, etc. * * *, and also to pay the interest on the prior mortgage and amortization, taxes and water rates * * *."

This second order was not an order extending the former receivership to this action.

There is no objection to the settlement of the accounts of the receiver in either action. The only question raised is with respect to the balance of moneys amounting to $3,702 now in the hands of the receiver under the first order of receivership. The second mortgagee seeks to have this balance applied to the payment of interest and taxes which accrued under its second mortgage on the ground that by reason of certain representations and promises of a certain attorney alleged to have been acting on behalf of the third mortgagee, the second mortgagee was lulled into allowing said third mortgagee to foreclose his lien and to appoint the said receiver and delay the foreclosure of its own lien and appointment of its own receiver. This it asserts was all to its detriment and loss to the extent that it was thereafter required to advance its own funds when the receiver for the said third mortgagee failed to apply the said moneys to the payment of the interest and taxes. It urges further that the provisions of the order of receivership under the third mortgage are mandatory and direct and require the application of the rents collected by the receiver therein to the payment of taxes and charges against the property arising out of the prior liens. It also claims that since such charges and taxes have been paid by it as second mortgagee it became entitled to the balance now in the hands of the receiver on the theory of subrogation.

Were it not for the provisions of the order in the third mortgagee's action which apparently require the receiver to first pay out of the moneys received by him the insurance premiums, taxes, assessments and water rates, after deducting such moneys as are absolutely necessary to keep the premises in repair there could be no doubt but that the third mortgagee would be entitled to the entire balance of the rents now in the receiver's hands. (*Frankenstein* v. *Hamburger*, 73 App. Div. 352, 354.) The second mortgagee, however, was not a party defendant in the action brought by the

third mortgagee and, therefore, not entitled to notice of the application by him for the order appointing the receiver. That the receiver was appointed and that the rents were collected by him for the benefit of the third mortgagee, upon whose application such appointment was made, is well settled by numerous authorities. The only question presented is, does the order in the third mortgagee's action require the receiver to apply the rents collected by him for such mortgagee's benefit to the payment of interest and taxes that accrued under the second mortgage. In my opinion the order does not require such application, such provision being merely permissive and not mandatory. (*Sullivan* v. *Rosson*, 223 N. Y. 217; *Ranney* v. *Peyser*, 83 id. 1; *Madison Trust Co.* v. *Axt, etc.*, 146 App. Div. 121; *Rothstein* v. *Roseville Building Co., Inc.*, 214 id. 734; *Klingenstein* v. *Coolidge Holding Co.*, 227 id. 427.) *Frankenstein* v. *Hamburger* (*supra*) is distinguished from the case at bar as there Berinstein, the superior mortgagee, was a party defendant in the action to foreclose the junior mortgage and entitled to notice. Here the second mortgagee not being a party to the action to foreclose the third mortgage or to the application for the appointment of the receiver in said action, it cannot be supposed that the provision relied upon by the second mortgagee was voluntarily inserted by the third mortgagee for the benefit of such prior mortgagee.

The alleged representations set forth in the answering affidavit submitted on behalf of the second mortgagee do not constitute such an agreement as is within the rule contained in the cases above cited which would require the application by the said receiver of the moneys in dispute to the interest and taxes under the second mortgage.

From the foregoing I conclude that the third mortgagee is entitled to the funds in the hands of the receiver. The motion is, therefore, granted, the receiver's accounts settled on consent and the receiver directed to pay over the fund in his hands to the third mortgagee or his attorney. Settle order on notice.