MARSHFIELD OIL COMPANY, Appellant, vs. ZANK and others, Respondents.

*April 4—May 10, 1932.*

*R. R. Williams* of Marshfield, for the appellant.

For the respondents there was a brief by *Rush & Devos* of Neillsville, and oral argument by *W. J. Rush.*

OWEN, J. This action was commenced by the Marshfield Oil Company to foreclose a real-estate mortgage. Some of the parties defendant held second and third mortgages on the premises. The plaintiff made no application for the appointment of a receiver. However, on the application of Cora Mabel Dahl, a third mortgagee, made on her own behalf and on behalf of her codefendants, a receiver was appointed to collect the rents and profits of the mortgaged premises, and in and by the terms of such appointment the receiver was ordered to hold the proceeds arising from his management of the premises subject to the further order of the court.

Plaintiff's action proceeded to a foreclosure sale, and the premises were sold at an amount insufficient to pay the plaintiff's mortgage, resulting in a deficiency judgment. Thereupon the plaintiff moved the court for an order directing the proceeds of the receivership to be paid to the plaintiff. This motion was denied, and the proceeds of the receivership were directed to be paid to the third mortgagee,

upon whose application the receiver was appointed. The appeal presents the question of who is entitled to the proceeds arising from the management of the premises by the receiver.

In this country, whatever may be the grounds recognized for the appointment of a receiver to collect the rents and profits of mortgaged premises, it seems to be settled that the rents and profits so collected are impressed with a special lien for the benefit of the mortgage liens in the order of their priorities. To this general rule there are but few exceptions. One is, where the order appointing the receiver directs that the proceeds be applied to a junior incumbrance. This for the very obvious reason that the order appointing the receiver is *res adjudicata* until reversed. *Beverley v. Brooke,* 4 Gratt. (Va.) 187. Another is, that where a junior mortgagee commences his action to foreclose a mortgage without making the senior incumbrancers parties, he may have a receiver in that action, and the rents and profits collected by that receiver will be applied to the discharge of his mortgage. When, however, a senior incumbrancer commences an action and secures the appointment of a receiver superseding the receiver in the action brought by the junior incumbrancer, as may be done, the moneys thereafter collected are to be applied in payment of the senior mortgage debt. Where a receiver is appointed generally in an action in which all incumbrancers are parties, the moneys collected by the receiver are to be distributed according to the priorities of the mortgage liens. These principles are well established by the authorities. *Goddard v. Clarke,* 81 Neb. 373, 116 N. W. 41; *Miltenberger v. Logansport R. Co.* 106 U. S. 286, 1 Sup. Ct. 140; *Beverley v. Brooke,* 4 Gratt. (Va.) 187; *Williamson v. Gerlach,* 41 Ohio St. 682; *Cross v. Will County Nat. Bank,* 177 Ill. 33, 52 N. E. 322; *Holland Trust Co. v. Consolidated G. & E. L. Co.* 85 Hun, 454, 32 N. Y. Supp. 830; *Putnam v. McAllister,* 57 N. Y. Supp. 404;

*Madison Trust Co. v. Axt,* 146 App. Div. 121, 130 N. Y. Supp. 371; *Abrahams v. Berkowitz,* 146 App. Div. 563, 131 N. Y. Supp. 257; *O'Connell v. St. Louis Joint Stock Land Bank,* 170 Ark. 778, 281 S. W. 385; High, Receivers, § 688. This rule was applied by this court in *Schneider v. Miller,* 155 Wis. 239, 241, 144 N. W. 286.

In this action the receiver was appointed generally. The petition for his appointment .was made by the third mortgagee on her own behalf and on behalf of her codefendants. The order appointing the receiver directed that he hold the money subject to the further order of the court. Under such circumstances, the fund collected by the receiver is applicable to the liens on the property in the order of their priority. As the plaintiff held the first lien on the property, it was entitled to have the fund first applied on its debt.

*By the Court.*—Order reversed, and cause remanded with instructions to apply the money arising from the receivership upon the payment of plaintiff's judgment.