$6,000, as she apparently testified, she may submit an affidavit stating the facts about said sum of $6,000 and deliver said affidavit to respondent's attorneys with the bank books and receipts aforesaid. In the event that the appellant complies with the foregoing conditions, the order appealed from, as so modified, is affirmed, without costs. If the appellant fails to purge herself of contempt by such compliance, the order appealed from is affirmed, with ten dollars costs and disbursements to respondent. No opinion. Young, Kapper, Scudder, Tompkins and Davis, JJ., concur. [See *ante*, p. 847.]

MARGARET PENTA and Another, Appellants, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

ROSEWOOD BOYS, INC., Appellant, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent.— Motion for leave to appeal to the Appellate Division denied. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

ALICE BLUM BIGELOW, Respondent, v. EDWIN H. BIGELOW, Appellant. (Appeal No. 1.) — Order denying motion for change of venue affirmed, on stipulation. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

ALICE BLUM BIGELOW, Respondent, v. EDWIN H. BIGELOW, Appellant. (Appeal No. 2.) — Order granting alimony and counsel fee modified by reducing the amount of counsel fee from $1,000 to $500, and as so modified affirmed, on stipulation. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

BROOKLYN TRUST COMPANY, Respondent, v. WALTER OPP and Others, Defendants, Impleaded with RACHEL FRIEDMAN, Appellant.— Order denying motion to vacate order extending receivership for the benefit of plaintiff and directing payment of taxes out of rent collections prior to the extension of the receivership modified by striking out so much of the order as directs the receiver to pay taxes out of rents collected prior to such extension, and as so modified affirmed, without costs. The order appointing the receiver, in so far as concerns authority to pay taxes out of rent collections, was permissive and not mandatory. (*Sullivan* v. *Rosson*, 223 N. Y. 217, 225; *Madison Trust Co.* v. *Axt, No. 1*, 146 App. Div. 121; *Bagdad Traders, Inc.*, v. *Shanske*, 137 Misc. 5, 8; affd., 230 App. Div. 822.) Under the order appointing the receiver, the benefits derivable from his collection of rents inure to the second mortgagee on whose motion he was appointed, and such collections could not be diverted to or for the benefit of the first mortgagee prior to the extension of the receivership. (*Ranney* v. *Peyser*, 83 N. Y. 1, 7; *Madison Trust Co.* v. *Axt, No. 1, supra; Klingenstein* v. *Coolidge Holding Co., Inc.*, 227 App. Div. 427, 428.) Young, Kapper, Hagarty, Carswell and Davis, JJ., concur. [See *post*, p. 898.]

SARAH BUTENSKY, Appellant, v. HERMAN D. GOLDBERG, Respondent.— Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. There was a question of fact as to the negligence of defendant. (*Greenley* v. *Miller's, Incorporated*, 111 Conn. 584.) Lazansky, P. J., Carswell and Davis, JJ., concur; Kapper and Hagarty, JJ., dissent and vote to affirm. (*Wein* v. *Woolworth Co.*, 223 App. Div. 794; *Woolworth & Co.* v. *Conboy*, 170 Fed. 934; *Lord* v. *Sherer Dry Goods Co.*, 205 Mass. 1.)

JOHN J. DELANEY, Appellant, v. LOTTI S. DELANEY (Sometimes Called LOTTI S. PHILLIPS), Respondent.— Order vacating a levy under a warrant of attachment