HOWARD L. BRITT, APPELLANT, V. WILLIAM BYRKIT: GREAT AMERICAN INDEMNITY COMPANY, APPELLEE.

FILED JUNE 26, 1936. No. 29538.

*J. E. Mockett* and *William Niklaus*, for appellant.

*George R. Mann, Dwight W. Dahlman* and *George I. Craven, contra.*

Heard before GOSS, C. J., ROSE and DAY, JJ., and ELDRED and TEWELL, District Judges.

TEWELL, District Judge.

This action was brought upon a receiver's bond. From trial to a jury and verdict and judgment for the plaintiff for only the sum of $25, the plaintiff appeals. The defendant cross-appeals.

In August, 1930, one Robert J. Christian brought an action to foreclose a mortgage lien upon a house and lot in Lincoln, Nebraska, then owned by Fay Britt, wife of the plaintiff herein. On September 17, 1930, one William Byrkit was duly appointed receiver of the mortgaged premises. On November 23, 1931, a decree of foreclosure was entered in that action, which established a tax sale certificate as a first lien, the mortgage to Christian as a second lien and a second mortgage as a third lien. Byrkit qualified as receiver, and the Great American Indemnity Company, defendant in this action, was the surety on his bond. The property was sold under the decree of foreclosure in September, 1932, for the sum of $3,565, and the sale later confirmed. The proceeds of the sale together

with rents collected by the receiver paid the tax lien and a portion of the amount due upon the first mortgage lien. The balance due upon the first mortgage lien and the entire amount due upon the second mortgage lien remain unpaid, but no judgment for the deficiency has been entered. Byrkit acted as receiver from the time of his appointment in September, 1930, until June 23, 1932, when he was removed by court order upon complaint of Christian, plaintiff in the foreclosure action, and another person was appointed receiver. At the time of his discharge, Byrkit rendered an account of moneys received by him as rent in the sum of $785 and gave an itemized account of expenditures made by him for repairs on the property in the sum of $343.28, and requested his discharge. From the balance of $441.72 the order of the court approving Byrkit's final account allowed him $150 for his services as receiver and also $50 for the services of an attorney, but provided that his discharge should not relieve him from any tort liability toward any one incurred while acting as receiver, and that his account should not be considered as final if it developed that the receiver had not fully accounted. No further proceeding against Byrkit in the foreclosure action was ever had after the approval of his account and his discharge. No order of court in the foreclosure action permitted this action to be brought.

In this action the Great American Indemnity Company and Byrkit are jointly sued upon the bond given by Byrkit as receiver in said foreclosure action. The plaintiff herein is assignee of the rights of Fay Britt. The summons issued for service upon Byrkit was returned without service upon him and he was never served with process. He made no appearance in this action, although present at the trial as a witness. The summons served upon the Great American Indemnity Company, hereinafter called the defendant, fixed answer day as March 12, 1934. No appearance was made by the defendant until March 23, 1934, when it filed, without leave of court, a motion. On the same day, but after such motion had been filed, the plaintiff secured a dismissal

of this action as against Byrkit and the rendition of a judgment by default against the defendant for the sum of $1,095. On September 21, 1934, upon application of the defendant and after a hearing at which the plaintiff was represented, the court, during the same term of court in which the judgment by default was rendered, set aside the judgment by default and allowed the defendant to file an answer tendered with its application.

The plaintiff complains of the order of the trial court that vacated the judgment by default heretofore mentioned. Cases cited by the plaintiff in support of this complaint either are not applicable to the facts herein, or are cases in which the trial court refused to vacate a default judgment. A district court has power to vacate or modify its own judgments at any time during the term at which such judgment is rendered, either upon application or upon its own motion, and upon prompt application and a tender in good faith of an answer disclosing a meritorious defense may vacate such judgment and permit defense to be made upon such terms as are just. *Lacey v. Citizens Lumber & Supply Co.*, 124 Neb. 813, 248 N. W. 378; *Coates v. O'Connor*, 102 Neb. 602, 168 N. W. 102; *Netusil v. Novak*, 120 Neb. 751, 235 N. W. 335. The trial court upon the showing made by the defendant properly vacated the default judgment.

The defendant, which cross-appealed, challenges the right of the plaintiff to maintain this action and states as its reason that the unpaid lienholders in the foreclosure action have a special lien upon funds in the receiver's hands. To support this contention the defendant cites *Jacobs v. Gibson*, 9 Neb. 380, 2 N. W. 893; *Marshfield Oil Co. v. Zank*, 208 Wis. 139, 242 N. W. 479; High, Receivers (4th ed.) 794, sec. 643. Whether or not the rule stated as the above mentioned reason why the plaintiff cannot maintain this action is applicable to the facts before us need not be discussed. The conditions of the bond upon which this suit is based are that the receiver shall "faithfully discharge his duties as receiver, and obey all orders of the court in

respect thereto, and shall duly account for what shall come into his hands or control as such receiver." In the absence of circumstances causing the existence and amount of a receiver's liability very impracticable or impossible of determination in the proceedings in which he was appointed, in which case a court of equity will provide a remedy against the surety on the receiver's bond, no action may be maintained against the surety on such receiver's bond until there has first been a final settlement of the receiver's account and an adjudication of his default. *State v. Germania Bank,* 103 Minn. 129, 114 N. W. 651; *French v. Dauchy,* 134 N. Y. 543, 31 N. E. 1041; *Moore v. Hartford Accident & Indemnity Co.,* 170 Okla. 344, 40 Pac. (2d) 658; *Coe v. Patterson,* 122 App. Div. (N. Y.) 76; 53 C. J. 415.

No adjudication of the receiver's default was entered in the foreclosure action. He paid all that he was directed to pay. The conditions of his discharge above mentioned adjudicate no default. The application of this rule prevents the maintenance of this action by the plaintiff and would prevent its maintenance by any unpaid lienholder in the foreclosure action until an accounting by the receiver has been had and an adjudication of his default made in the foreclosure action. The reasons for this rule are both varied and in accord with a legal procedure that will best afford relief for an injury such as is alleged by the plaintiff, prevent an injustice to the surety on such a bond, and at the same time preserve the estate under receivership within the control and jurisdiction of the court appointing the receiver. That the rule is a correct one is indicated by the manner in which it supplements, logically accords with, and aids in the enforcement of other rules, a few of which we mention, but have no occasion to declare and do not declare in this opinion. These are as follows: (1) The compensation, if any, to be awarded the receiver or his attorney, as well as the credit, if any, to be given the receiver for expenditures made by him without direction of court, is each affected by the question of whether or not he has complied with his obligations as receiver, and thus

the amount of his default affected; (2) the surety is not liable for any amount for which the receiver is not liable; (3) the surety is not a party to the action in which the receiver was appointed; (4) the obligation of the surety is one to be enforced, ordinarily, in an action at law; (5) any amount charged against the receiver, as well as any amount secured by a surcharge against him, belongs to all persons having an interest in the estate of which he is receiver in a priority to be directed by the court in the action in which the receiver was appointed; (6) the extent of the liabilities of the surety upon a receiver's bond is restricted to the terms of the bond; (7) the liability of the receiver is official, except where he is personally at fault; (8) a judgment obtained against a receiver in his official capacity creates no personal liability, and no execution may issue upon a judgment against the receiver, except by direction of the court having charge of the receivership; (9) the receiver is an officer of the court, and cannot be sued without the consent or subsequent ratification of the court appointing him, except as provided by statute; (10) the surety upon a receiver's bond is not liable for the conduct of the receiver in a capacity other than that of receiver.

The damages claimed by the plaintiff largely relate to an alleged failure of Byrkit to exercise due care in renting a portion of the property, to his having wrongfully reduced the rent upon a portion of the property, and to his having used a portion of the property for his personal benefit. Any surcharge against a receiver arising from any of these causes becomes a part of the estate under receivership as much as if the receiver in his official capacity had collected the amount of such surcharges, and are subject to the rules relating to the final settlement of the receiver's account, before action therefor may be maintained, if at all, against the surety. *Schwartz v. Keystone Oil Co.*, 164 Pa. St. 415, 30 Atl. 297.

The amount involved in this case is not a large amount, and the expenses thereof, including that of a bill of ex-

ceptions of over 300 pages, is quite large. While these facts may urge such a disposition of this case as will end the controversy between the parties, the harm that could follow the establishment of a rule that would permit of such disposition is so great as to impel a different action.

For reasons above stated, the judgment of the trial court is reversed and this cause remanded, with instructions that it be dismissed without prejudice to whatever rights, if any, the plaintiff may still have to maintain proceedings in the foreclosure action against the receiver for an accounting, and an adjudication of the amount, if any, of his default.

REVERSED.