IN THE

# COURT OF APPEALS

OF THE

## STATE OF NEW YORK,

COMMENCING NOVEMBER 30, 1880

---

LA FAYETTE RANNEY, Appellant, *v.* SIEGMUND M. PEYSER et al., Respondents.

In an action to foreclose a mortgage upon a leasehold interest, plaintiff was, upon his own motion and by consent, appointed receiver of the rents and profits of the mortgaged premises, with power to keep the buildings insured and in repair, and "to pay the ground-rent and taxes." Subsequently M., the holder of prior mortgages, foreclosed, and upon sale the premises were bought in by M. for a sum less than his mortgages. Plaintiff, out of the rents collected by him as receiver, paid the ground rent from the time of his appointment to the time of sale; also for some repairs, and to M. a sum for interest on his mortgages. Upon settlement of his accounts as receiver plaintiff was required to pay over the balance in his hands in payment of taxes. *Held* error; that the appointment of plaintiff as receiver was for his benefit; not for the benefit of M., who might have applied for a receivership in his own suit, which would have superseded the rights of the plaintiff; that the terms of the order appointing plaintiff, as to the rents and taxes, were permissive, not mandatory; and plaintiff having, by diligence, acquired a specific lien upon the rents superior to the equities of M., was entitled to retain them to apply on his mortgage.

*Ranney* v. *Peyser* (20 Hun, 11), reversed.

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made February 6, 1880,

SICKELS — VOL. XXXVIII. 1

reversing an order of Special Term, which confirmed the report of a referee appointed to pass the accounts of plaintiff as receiver, and awarded the funds in his hands to himself as plaintiff. (Reported below, 20 Hun, 11.)

On or about October 3, 1877, the plaintiff commenced this action to foreclose a mortgage executed to him by the defendants, Peyser and wife, upon a leasehold interest in two lots of land in the city of New York.

On the 26th day of December, 1877, upon the consent in writing of the defendant Peyser and his attorney, and upon application of the plaintiff, an order was entered appointing plaintiff receiver of the rents, issues and profits of the mortgaged premises, which order contained the following provisions, viz.: " That as such receiver he (plaintiff) have power, which is hereby given to him, to rent and manage said buildings and premises, and to rent the same or any part thereof from time to time for terms not exceeding one year, to collect and receive the rents thereof, and out of the same to keep said buildings insured against loss or damage by fire and in repair, and to pay the ground rent and taxes," etc.

In pursuance of this order the plaintiff collected the rents of the premises from January to October, 1878. On November 18, 1878, upon plaintiff's application, an order was made at Special Term, referring it to a referee to take and pass the accounts of the plaintiff as receiver, reserving the question as to the disposition of the money in his hands until the coming of the referee's report. The plaintiff, as receiver, accounted before the referee, and his account was passed and allowed, showing a balance in the hands of the plaintiff of $589.05, allowing him $100 credited as payment for counsel fees. Exceptions were taken to the referee's report; plaintiff made a motion to confirm the report, and for an order permitting him to apply the balance in his hands to the payment of the amount due him upon his bond and mortgage. The motion was opposed by the defendants, and by Adolphus H. Maas, who presented to the court a petition and a notice of motion, asking that the

plaintiff be required to pay the balance of the moneys in his hands as receiver to the petitioner.

Said petition showed the following facts: Maas, being the owner of two mortgages upon the premises, which were liens prior to that of the plaintiff, on the 1st day of March, 1878, commenced actions to foreclose the same. On the 8th day of October, 1878, a decree of foreclosure and sale was duly entered in said actions. On October 31, 1878, Maas became the purchaser of the premises at a referee's sale under the decrees, at a sum less than the amount due to him. At that time the ground rent for the quarter ending October 31, 1878, amounting to the sum of $105, and the taxes for the year 1876 ($448), for the year 1877 ($424), and for the year 1878 ($408), had not been paid. Whereupon Maas applied to plaintiff, requesting him to apply the moneys in his hands, as receiver, toward the payment of said ground rent and taxes, which plaintiff refused to do. Afterwards Maas paid the ground rent and the taxes for 1876 and 1878.

The order of General Term reversed the order of Special Term, sustained an exception to the allowance of the $100 counsel fees, charged plaintiff with the balance as found by the referee adding said sum, required plaintiff to pay the taxes for the year 1877, with interest, and the fees of the referee, and to pay over the balance, with interest on the whole sum from January 31, 1879, to Maas or his attorney.

*Samuel Untermyer* for appellant. A junior mortgagee who commences an action for the foreclosure of his mortgage, and in that action, upon his own motion, and at his expense, procures the appointment of a receiver of the rents, thus sequestrates the rents, and is entitled to the benefit of his superior diligence over his senior mortgagee. (*Howell* v. *Ripley*, 10 Paige, 43; *Post* v. *Dow*, 4 Edw. Ch. 412; *Washington Life Ins. Co.* v. *Fleischauer*, 10 Hun, 117; *Bank of Ogdensburg* v. *Arnold*, 5 Paige, 38.) Even a receiver of the property of a judgment debtor is not vested with any title to the real estate, owned by the judgment debtor, nor does a purchaser from such

a receiver acquire any interest therein. (*Scott* v. *Elmore*, 10 Hun, 68; *Chautauqua Bank* v. *Risley*, 19 N. Y. 369; *Foster* v. *Townshend*, 68 id. 203.) One who purchases property subject to a mortgage, which forms part of the consideration of his purchase, is estopped from contesting the validity of the mortgage, for the reason that he purchased a mere equity in the premises over and above the amount of the mortgage. (*Hartley* v. *Harrison*, 24 N. Y. 170.)

*M. L. Townsend* for respondents. The order of the court appointing the plaintiff receiver was a mere confirmation of the defendant's consent, and plaintiff should, therefore, be treated in equity as a mortgagee of a lease in possession. (*Astor* v. *Hoyt*, 5 Wend. 603.) The principle upon which the courts appoint a receiver for the benefit of a junior incumbrancer, and give him the benefit thereof, as against a prior incumbrancer of the mortgagor, is because of the insolvency of the mortgagor and the inadequacy of the security to pay the mortgage debt; which facts must be stated in the application. (*Post* v. *Dow*, 4 Edw. Ch. 412, 413.) The equitable doctrine of subrogation should be applied, as it has been applied by this court. (*Cole* v. *Malcolm*, 66 N. Y. 366; *Cottrell's Appeal*, 23 Penn. St. 294; *Lidderdale's Exrs.* v. *Robinson's Admr.*, 2 Brockenbrough, 159.)

RAPALLO, J. The plaintiff procured the receivership of the rents of the mortgaged premises for his own benefit, as junior mortgagee. He did not obtain it for the benefit of Maas, the prior mortgagee, who was not a party to the proceeding, nor even to plaintiff's foreclosure suit, and had nothing to do with the receivership. If the plaintiff had not obtained it the rents would have gone into the hands of Peyser, the mortgagor. Maas, if he deemed the mortgaged premises an insufficient security, had the right, on the foreclosure of his mortgage, to apply for a receivership of the rents for his own benefit, and this would have superseded the rights of the plaintiff, as to subsequently accruing rents, as the mortgages held by Maas

were prior to that held by the plaintiff. But until Maas took that step he had no right to the rents. Peyser could lawfully have collected them and retained them, or paid them to the plaintiff on account of his mortgage, or the plaintiff could, as he did, obtain a receivership of them for his own benefit, and Maas was in no way entitled to avail himself of, or rely upon, the plaintiff's proceeding. So long as Maas neglected to take any legal measures on his own behalf to secure the rents, he had no concern with them or the application of them.

The court at Special Term took this view, but the order made at General Term and now appealed from gives to Maas all the benefit of the receivership obtained by the plaintiff, and in addition compels the plaintiff even to lose his commissions as receiver. The balance in his hands as receiver, exclusive of commissions, as appears from his account as passed by the referee, was $589.05. To this the order of the General Term adds $100 by disallowing a credit of that amount for a fee paid by the plaintiff to his counsel, making the balance $689.05, as of the date of the referee's report. It charges him with interest on that balance, and disallows any commissions as receiver, and directs him to pay out of the sum thus found due, the fees of the referee, the taxes of 1877, with the interest thereon, and to pay over the remainder of the fund, and interest thereon, to Maas. The plaintiff's mortgage has been cut off by a sale under the prior mortgages of Maas, which resulted in a deficiency, and his diligence in endeavoring to save something out of the rents to apply on his mortgage has been punished by compelling him to apply all he collected to the benefit of Maas, and bear his own expenses.

This result is owing to the construction put by the General Term upon the order appointing the plaintiff receiver. It was there held that he was directed by that order to apply the rents to the payment of the ground rent and taxes. That this direction was for the benefit of Maas or the mortgagor, and that it was misconduct on the part of the plaintiff not to apply the rents as thus directed. We do not concur in this construction of the order. The plaintiff as receiver was empowered by the

order to keep the buildings insured and in repair, and to pay the ground rent and taxes, but he was not directed to do so. The order was obtained by himself, and this authority was manifestly inserted for his own protection, and is a usual provision in such orders. It enables the receiver to pay the ordinary charges on real estate, without special application to the court, as they accrue. Maas was not a party to the proceeding, and it cannot be supposed that this provision was voluntarily inserted by the plaintiff for the benefit of Maas, a stranger to it. The language of the order is permissive only, not mandatory. It is evident that the plaintiff, as junior mortgagee, was interested in keeping the premises insured and in repair, and in keeping down the ground rent and taxes, so that he might secure to himself any surplus which should arise on a sale under the first mortgage. But we do not think that he assumed an obligation to do so for the benefit of the prior mortgagee, in case of a depreciation which should leave no hope of a surplus. He was appointed receiver on the 26th of December, 1877, and collected the rents down to October, 1878, when the premises were sold under the first mortgages, and bought in by Maas for a sum less than the amount due on his mortgages. Maas received his deed October 31, 1878. The plaintiff, out of the rents collected by him as receiver, did in fact pay all the ground rent accruing from the time of his appointment to the time of the sale, expended some sums for repairs, and in addition paid to Maas $446.91 for interest on his mortgages, a payment which he certainly was under no obligation to make, but of which he would have had the benefit had there been any surplus. To the extent, of the sums thus paid, Maas has already had the benefit of the plaintiff's proceeding, without any expense to himself. We think there is no equity in compelling the plaintiff, who has lost his entire security, to go farther and relieve Maas from the taxes which were liens upon the property when he bought at the foreclosure sale. Some argument is based upon the fact that the mortgagor consented to the making of the order appointing the plaintiff receiver, but we do not attach much weight to this argument, as it is clear that under the

circumstances the plaintiff would have been entitled to the order, even if his application had been opposed. It was not material to Peyser whether the rents went to the plaintiff or to Maas, or to the payment of taxes. He was liable on his bond to Maas, and also on his bond to the plaintiff, and whatever payments reduced the deficiency recovered by Maas correspondingly increased the debt due to the plaintiff. The plaintiff, by his superior diligence, acquired a specific lien upon the rents in question, superior to any equities of the first mortgagee, and we think he is entitled to retain them to apply upon his mortgage. (*Washington Life Ins. Co.* v. *Fleischauer*, 10 Hun, 117; *Howell* v. *Ripley*, 10 Paige, 43; *Post* v. *Dorr*, 4 Edw. Ch. 412.)

As to the charge of $100 for a counsel fee, we do not think it should have been allowed, as the advice related rather to the plaintiff's personal interests than to his duties as receiver. But as the fee was paid out of a fund which belonged to the plaintiff, there is no materiality in the question relating to its allowance.

The order of the General Term should be reversed, and that of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.