(70 Misc. Rep. 319.)

ABRAHAMS v. BERKOWITZ et al.

(Supreme Court, Special Term, Kings County. December, 1910.)

1. MORTGAGES (§ 474*)—RECEIVERS—RENTS—RIGHT OF FIRST MORTGAGEE.
    Where the accounts of a receiver in supplementary proceedings, also subsequently appointed in a suit to foreclose a second mortgage, have not been settled, the rights of judgment creditors and second mortgagee cannot be determined on a motion of the first mortgagee for an order di-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

recting the receiver to account for the rents collected by him and to pay the same over to the first mortgagee.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 474.*]

2. MORTGAGES (§ 199*)—RENTS—RECEIVERS—LIABILITY.

A first mortgagee in a mortgage stipulating that, on default in the payment of principal or interest, he might enter on the premises and receive the rents, sued to foreclose on default, and a sale resulted in a deficiency. Subsequent to the commencement of the action a receiver was appointed in supplementary proceedings against the mortgagor, and the same receiver was subsequently appointed in an action to foreclose the second mortgage. The first mortgagee did not take possession of the premises, nor demand the rents either from the mortgagor, tenants, or receiver, prior to a motion to direct the receiver to account for the rents and pay the same over. The receiver's possession had then terminated, and he had been directed to account by the judgment entered in the action to foreclose the second mortgage. Held, that the first mortgagee was not entitled to the relief demanded, though it were assumed that the mortgage effected an assignment of the rents without entry, since such an assignment was merely an assignment of a chose in action, and conferred on the mortgagee a right of action against the tenants for rent.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 199.*]

Action by Jacob Abrahams against Davis Berkowitz and others to foreclose a second mortgage. Motion by the Builders' Mortgage Company, first mortgagee, for an order directing the receiver of the mortgaged premises to account for rents collected by him and to pay the same over to the moving party. Denied.

Henry Escher, Jr., for the motion.

Franklin Taylor, Charles J. Belfer, and Herman M. Schaap, opposed.

SCUDDER, J. The Builders' Mortgage Company makes this motion in an action to foreclose a second mortgage to which it is not a party. It claims the rents collected by the receiver, under a first mortgage which has been foreclosed. The sale under this foreclosure resulted in a deficiency. It appears that the receiver Carberry was first appointed in supplementary proceedings for the benefit of certain judgment creditors of the mortgagor, and that he was subsequently also appointed receiver in the action to foreclose the second mortgage. The receiver's accounts have not yet been settled. The rights of the judgment creditors and the second mortgagee to the fund in the hands of the receiver cannot, therefore, and will not, now be determined; the rights thereto of the Builders' Mortgage Company being alone considered in the disposition of the motion.

The first mortgage contains the following provision:

"That if default shall be made in the payment of the principal sum mentioned in the condition of said bond, or of the interest which shall accrue thereon, or of any part of either, at the respective times therein specified, for the payment thereof, the said mortgagee shall have the right forthwith, after any such default, to enter upon and take possession of the said mortgaged premises, and to let the said premises, and receive the rents, issues, and profits thereof, and to apply the same, after payment of all necessary charges and expenses, on account of the amount hereby secured, and said rents and profits are, in the event of any such default, hereby assigned to the mortgagee."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

127 N.Y.S.—15

Default in the first mortgage occurred, and the action to foreclose the same was commenced before the receiver was appointed. The first mortgagee, the moving party herein, not only has never entered into the possession of the mortgaged premises, but has never in any way demanded the rents of the premises, either from the mortgagor, tenants, or receiver, prior to the making of this motion. The receiver's possession has terminated, and he has been directed to account by the judgment entered in the action to foreclose the second mortgage.

It is difficult to find any theory by which the first mortgagee can have any claim against the receiver. The receiver was not appointed for its benefit, but for the benefit of others. Assuming that the above-quoted provision of the mortgage effected an assignment of the rents upon default to the mortgagee without entry by him, such an assignment would be merely an assignment of a chose in action. It confers on the first mortgagee a right of action against the tenants for the rent, but gives him no right to recover any money which the tenants have paid to the receiver. The tenants had a right to deal with their own money as they saw fit. If they chose to pay it to the receiver, he is entitled to hold it for the benefit of those for whom he was appointed.

It is very doubtful, however, if the provision in the first mortgage above quoted can properly be construed as assigning the rents on default to the first mortgagee without entry. See In re Banner (D. C.) 149 Fed. 936.

Motion denied. Settle order on notice.