ABRAHAMS v. BERKOWITZ et al.

In re BUILDERS' MORTGAGE CO.

(Supreme Court, Appellate Division, Second Department. October 13, 1911.)

1. MORTGAGES (§ 470*)—FORECLOSURE—RECEIVER—APPOINTMENT AT INSTANCE OF JUNIOR INCUMBRANCER.

The appointment of a receiver at the instance and for the benefit of a junior incumbrancer operates \to create a specific lien upon the rents collected by the receiver for the benefit of such junior incumbrancer, and to give him to that extent a preference over the first general mortgagee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1382; Dec. Dig. § 470.*]

2. MORTGAGES (§ 199*)—CONSTRUCTION—RENTS—EQUITABLE ASSIGNMENTS.

Petitioner was a senior mortgagee under a mortgage which provided that, on default in principal or interest, petitioner should have the right to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

take possession of the mortgaged premises, let the same and receive the rents, and apply them after payment of all necessary charges on the debts secured; the rents and profits being in that event assigned to the mortgagee. *Held*, that where a receiver was appointed for the property at the suit of the junior mortgagee, petitioner not having taken possession under its mortgage, such provisions did not operate as an equitable assignment of the rents and profits collected by the receiver for the benefit of the senior mortgagee, so as to entitle petitioner to receive them prior to an extension of the receivership to the proceedings for the foreclosure of the senior mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 513–525; Dec. Dig. § 199.*]

Appeal from Special Term, Kings County.

Action by Jacob Abrahams against Davis Berkowitz and others. On petition of the Builders' Mortgage Company for an order directing Francis E. Carberry, receiver of the mortgaged premises in question, to pay over to petitioner moneys collected by him as such receiver as the rents and profits of the property. From an order denying the motion (70 Misc. Rep. 319, 127 N. Y. Supp. 224), petitioner appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and CARR, JJ.

Henry Escher, Jr. (Lyttleton Fox, on the brief), for appellant.
Franklin Taylor, for respondent Abrahams.
Herman M. Schaap, for judgment-creditor Michael Cohen & Co.
Charles J. Belfer, for judgment-creditor Rader.

HIRSCHBERG, J. The question presented by this appeal is whether the holder of a first mortgage upon real estate may compel a receiver, appointed in an action brought to foreclose a subsequent mortgage, to pay over rents collected by him under such appointment to the first mortgagee. The action is brought for the foreclosure of the subsequent mortgage, and the petitioner, the first mortgagee, is not a party to the suit. His bond and mortgage were executed on June 29, 1907, and the mortgage recorded July 1, 1907. The plaintiff's, the second bond and mortgage, were executed July 17, 1907, and the mortgage was recorded that day. On February 24, 1908, suit was brought to foreclose the first mortgage, and on March 24, 1909, while such suit was pending, the present action was brought for the foreclosure of the second mortgage. In this action Francis E. Carberry was duly appointed receiver of the rents, issues, and profits of the mortgaged premises, he having been previously appointed receiver of certain judgment creditors of the mortgagor. The receiver having collected certain rents, the appellant, as first mortgagee, applied for an order compelling him to pay over to the appellant the amount of the rents so collected; and the appeal is from an order denying the motion.

The sole question considered by the court at Special Term, and the only question which will be considered on this appeal, is as to the right of the appellant to the relief sought; the respective claims of the judgment creditors and of the second mortgagee being reserved at the Special Term for future consideration.

[1] It seems to me quite clear that the order should be affirmed. It has been the settled law .in this state that the appointment of a receiver at the instance and for the benefit of the junior incumbrancer operates to create a specific lien upon the rents, and to give him to that extent a preference over the first general incumbrancer. In How-ell v. Ripley, 10 Paige, 43, it was held that where a junior mortgagee files his bill for the foreclosure of his mortgage subject to the lien of a prior mortgage, and obtains the appointment of a receiver of the rents and profits of the premises, and the prior mortgagee afterwards files his bill of foreclosure and obtains an order appointing the same person as receiver in his suit, the latter was entitled only to the rents and profits due at the time of the appointment of the receiver in his suit and to such as accrued thereafter, the junior mortgagee being en-titled to all rents received prior to the appointment of the receiver in the suit of the prior mortgagee. In Post v. Dorr, 4 Ed. Ch. 412 [425], it was held that a mortgagee obtains a specific lien upon the rents by diligently obtaining the appointment of a receiver, and a second or third mortgagee may thus get an advantage of the first mortgagee as to rents collected. In Washington Life Ins. Co. v. Fleischauer, 10 Hun, 117, it was held that where in an action brought to foreclose a mortgage a subsequent incumbrancer, who is made a party defendant thereto, obtains in his own behalf the appointment of a receiver of the rents and profits of the mortgaged premises, he is entitled to re-tain the amount collected by the receiver as against the claim of the mortgagee plaintiff, notwithstanding a sale of the property has proved insufficient to satisfy such claim. See, to the same effect, Ranney v. Peyser, 83 N. Y. 1, 7. In that case, the plaintiff, the holder of a sub-sequent mortgage, was held to have a right to retain rents collected by a receiver appointed at his instance, notwithstanding the existence of a prior mortgage claim. The court said:

"The plaintiff, by his superior diligence, acquired a specific lien upon the rents in question, superior to any equities of the first mortgagee, and we think he is entitled to retain them to apply upon his mortgage."

[2] The mortgage of the petitioner contains the following clause, namely:

"That if default shall be made in the payment of the principal sum men-tioned in the condition of the said bond, or of the interest which shall accrue thereon, or of any part of either, at the respective times therein specified for the payment thereof, the said mortgagee shall have the right forthwith, after any such default, to enter upon and take possession of the said mort-gaged premises, and to let the said premises, and receive the rents, issues and profits thereof, and to apply the same, after payment of all necessary charges and expenses, on account of the amount hereby secured, and said rents and profits are in the event of any such default hereby assigned to the mort-gagee."

The appellant claims a specific assignment of the rents and profits in question by virtue of this clause, but it is obvious from the lan-guage used that the assignment relates only to the rents after the entry and the taking possession of the mortgaged premises. In this respect the case differs materially from the one chiefly relied on by the appel-lant, namely, Harris v. Taylor, 35 App. Div. 462, 54 N. Y. Supp. 864.

In that case it appears that the holder of the first mortgage had a separate written assignment of the rents as additional security, and it was held that his rights under that assignment were superior to those of the junior mortgagee claiming under an order appointing a receiver in the interests of the subsequent mortgage. The claim enforced in that action was based upon the written assignment only. The court said (35 App. Div. 466, 54 N. Y. Supp. 866):

"We think that Lesster's right to the rents is plainly superior to the plaintiff's. It is immaterial whether or not the plaintiff's mortgage was executed prior to Lesster's assignment. Even if that were so, it did not give the plaintiff a·lien upon the rents. He obtained no right thereto until the appointment of the receiver (Ranney v. Peyser, 83 N. Y..1), and this was long after the execution of the assignment. The plaintiff relies upon the rule that a prior mortgagee obtains no right to the rents of the premises as against the receiver for a junior mortgagee. Ranney v. Peyser, supra. There can be no doubt that such is the rule, but it has no application here. The appellant does not base his right to the rents upon the prior mortgage, but upon his assignment, which conferred upon him, an unquestionable right as against the subsequent receivership."

Since the above was written, the Appellate Division in the First Department has decided the case of Madison Trust Co. v. Alexander Axt and Others, 130 N. Y. S. 371, wherein it was held in accordance with the views herein expressed that a junior mortgagee at whose instance a receiver had been appointed in foreclosure was entitled to a specific lien on the rents collected by such receiver until the receivership was extended to an action brought by a prior mortgagee for the foreclosure of the prior incumbrance. The principle underlying that case is directly applicable to the one at bar, and the decision is additional authority in support of the views hereinbefore expressed.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.