HENRY F. SCHWARZ, as Trustee for ANNA C. F. SCHWARZ under the Will of FREDERICK A. O. SCHWARZ, Deceased, Appellant, Respondent, *v.* SELMA ALEXANDER and Others, Defendants, Impleaded with SAMUEL SILK, Respondent, Appellant.

First Department, June 8, 1917.

Mortgage — foreclosure — receivership clause, when binding upon tenant — equity not bound by such clause — when rents collected from subtenants should be paid to tenant by receiver.

A provision in a recorded mortgage on real estate which entitles the mortgagee to an appointment of a receiver of the rents and profits, without notice and without regard to the adequacy of the security in case of

default by the mortgagor, is binding upon a subsequent lessee of the premises, as he took his lease with notice of said provision.

Moreover, the tenant takes his lease subject to having the rents of his subtenants impounded by a receiver in case of a foreclosure.

But such receivership clause does not entitle the mortgagee to the appointment of a receiver as a matter of right.

Nothing can move a court of equity to action except equity and good conscience, and the court will adjust its relief to work substantial justice; hence, where it appears that the lease was made in good faith, and not for the purpose of defeating the rights of the mortgagee, and the lessee has paid the rent to his landlord, the mortgagor, during the period the rent of the subtenants had accrued, the court in its discretion properly directed the rents of the subtenants to be paid to the tenant when collected by the receiver.

CROSS-APPEALS by the plaintiff, Henry F. Schwarz, as trustee, and by the defendant Samuel Silk, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of April, 1917, resettling a prior order and directing a receiver of the rents and profits in a foreclosure action to pay over certain rents to a tenant and refusing to allow the tenant to attorn to the receiver and collect and receive rents from the subtenants.

*Stephen Barker,* for the plaintiff.

*Abraham J. Halprin,* for the defendant Silk.

PAGE, J.:

The mortgage to foreclose which this suit was brought contained the following clause:

" *Fourth.* That the holder of this mortgage, in any action to foreclose it, shall be entitled, without notice and without regard to the adequacy of any security for the debt, to the appointment of a receiver of the rents and profits of said premises; and said rents and profits are hereby, in the event of any default or defaults in paying said principal or interest, assigned to the holder of this mortgage as further security for the payment of said indebtedness."

The mortgage was recorded on the 29th day of March, 1906. Thereafter, and on or about the 14th day of September, 1916, the entire premises were leased for a term of three

years to Samuel Silk, who entered into possession of the premises and paid the rent reserved in the lease in monthly installments to and including the month of March, 1917. The premises were rented by Silk to various subtenants. An action to foreclose the mortgage was commenced, and on the 22d day of March, 1917, an order was entered appointing a receiver of the rents, issues and profits of the premises. Silk thereupon, upon a petition and order to show cause, moved the court to restrain the receiver from collecting the rents from any of the persons in the premises, except from Silk pursuant to his lease, and also directing the receiver to pay over to Silk the rents which the receiver had collected. This motion was denied, except that the receiver was directed to pay over to Silk any rents from subtenants, collected by him, which had accrued prior to his appointment. Silk has appealed from so much of the order as denied his motion, and the plaintiff has appealed from that portion of the order which directs the receiver to pay over to Silk.

The lease to Silk was subject to the terms and conditions of the mortgage, and he received his lease with notice thereof. By this mortgage the rents and profits of the premises, in case of default, were specifically assigned to the mortgagee as further security for the debt. This did not mean that there was assigned only the rent reserved in a lease of the entire premises, but that rents and profits of the premises were so pledged and Silk took his lease subject to having the rents of the subtenants impounded by a receiver in case of a foreclosure. (*Fletcher* v. *McKeon,* 71 App. Div. 278.) The existence of the receivership clause containing the assignment of the rents does not, however, entitle the mortgagee, as of right, to the appointment of a receiver of the rents. The theory of the right of the mortgagee to the rents and profits is that he has an equitable lien thereon, and the appointment of the receiver is regulated by sections 713 and 716 of the Code of Civil Procedure. (*Jarmulowsky* v. *Rosenbloom,* 125 App. Div. 542.) Nothing can move a court of equity to action except equity and good conscience, and a court of equity will so adjust its relief as to work substantial justice. Where it appears, as it does in the case at bar, that the lease was made in good faith and not for the purpose of

defeating or impairing the rights of the mortgagee (as in the *Fletcher Case, supra*) and the lessee had paid the rent to the landlord for the months during which the rent of the sub-tenants accrued, it was a proper exercise of the discretion of the court to direct the payment to the tenant of the past due rents of the subtenants which the receiver had collected.

The order should be affirmed, without costs.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order affirmed, without costs.