IRVING TRUST COMPANY, as Trustee under Trust Mortgage Made by REALTY SURETIES, INC., Dated April 1, 1922, Appellant, v. REALTY SURETIES, INC., Respondent, Impleaded with Others.

Appeal from an order of the Supreme Court entered in the New York county clerk's office on May 13, 1931.

Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Finch, P. J., McAvoy, Martin, O'Malley and Townley, JJ.; Finch, P. J., dissents.

FINCH, P. J. (dissenting). In my opinion the order appealed from should have been reversed and the application denied. This is a motion to direct a receiver of mortgaged premises in a foreclosure action to pay out of rents collected on behalf of the first mortgagee the wages of employees which had accrued for services rendered prior to the date of the appointment of the receiver. The mortgage sought to be foreclosed contains an assignment of all rents to the mortgagee. All rights under the mortgage passed to the receiver who became entitled to all unpaid rents of the mortgaged premises, including any such as accrued prior to his appointment. (Wyckcoff v. Scofield, 98 N. Y. 475.) It is the obligation of a receiver of rents appointed in an action to foreclose a mortgage to collect the same for the benefit of the mortgagee, and he obtains a lien upon rents so collected for the benefit of the mortgagee. (Keeney v. Home Ins. Co., 71 N. Y. 396; Abrahams v. Berkowitz, 146 App. Div. 563.) A receiver under such circumstances does not act for the creditors of the mortgagor. He has not been appointed to receive the rents of the mortgaged premises for the benefit of the creditors of the mortgagor. Employees who have claims for services which accrued prior to the appointment of the receiver are in no sense secured creditors, nor have they equal rights with the trustee under the first mortgage. Even if the rents which had accrued prior to the appointment of the receiver belonged to the owner of the equity, those employees would not be entitled to the relief demanded. To grant

 

the present application would not only give these employees rights superior to those of the trustee under the first mortgage, and superior to those of the holders of the bonds secured thereby, but would also give them priority over other employees in the same class. The order appealed from should be reversed and the application denied.