EMPIRE TRUST COMPANY, etc., Plaintiff, *v.* KERMACOE REALTY Co., INC., and Others, Defendants.

Supreme Court, New York County, September 26, 1933.

*Olin, Clark & Phelps* [*William J. Murphy* of counsel], for the plaintiff.

*Hovell, McChesney, Clarkson & Klupt*, for the defendant, for the motion.

*Joseph D. Nunan, Jr.*, for Duncan T. O'Brien, receiver, opposed.

FRANKENTHALER, J. This motion to compel payment to the moving defendant is granted. (See *Sullivan* v. *Rosson*, 223 N. Y. 217.) The assignment of rents, as in the case cited, constituted security for the payment of the mortgage indebtedness. Until the plaintiff actually possessed itself of the rents or obtained them through a receiver appointed upon its application, the rents remained the property of the owner of the fee. Although a receiver was (on motion of the plaintiff) appointed, the appointment was subsequently vacated as invalid, and the plaintiff's rights must be determined on the assumption that there was no receivership. Indeed, both the order vacating the appointment of the receiver and the order of the Appellate Division affirming that order and striking out the provision in the order reappointing the receiver which sought to give his reappointment retroactive effect would be without point if the mortgagee upon whose application the receiver was named were held to be entitled to the rents collected under the void receivership. The situation presented here is one brought about through the fault of the plaintiff itself. Had the latter properly commenced the action before applying for the appointment of the receiver it would have become entitled to the rents which must now be paid over to the owner of the fee. As to the claim of the plaintiff that the case of *Sullivan* v. *Rosson* (*supra*) is distinguishable in that the case involved only the rights of a senior mortgagee as against those of a junior mortgagee, it suffices to state that the reasoning as to the methods by which a mortgagee may possess himself of the rents and profits of mortgaged premises is equally applicable to a situation where the rights of a mortgagee as against the owner of the fee are involved. The

language of the court in the second complete paragraph on page 224 and the quotations at pages 225 and 226 from the cases of *Freedman's Savings & Trust Co.* v. *Shepherd* (127 U. S. 494) and *Matter of Banner* (149 Fed. 936) indicate that the views expressed by the Court of Appeals were not limited to controversies between mortgagees. A clause in a mortgage assigning the rents of the mortgaged premises as security in the event of a default is insufficient in itself to transfer to the mortgagee the right to the rents. The latter must either enter into possession and actually collect the rents, or he must apply for and obtain an order appointing a receiver to collect the rents on his behalf. The mortgagee here chose to avail itself of the second alternative, but unfortunately its application for the appointment of a receiver was made prior to the commencement of the action and was, therefore, null and void. (*Mentz* v. *Efficient Building Corp.*, 234 App. Div. 797; affd., 258 N. Y. 616.)