## In re KINGS COUNTY REAL ESTATE CORPORATION.

## LINCOLN SAV. BANK v. REALTY ASSOCIATES SECURITY CORPORATION.

### No. 217.

Circuit Court of Appeals, Second Circuit.
Dec. 4, 1933.

Henry Hetkin, of Brooklyn, N. Y. (Irving Rozen, of New York City, of counsel), for appellant.

Hutton & Holahan, of Brooklyn, N. Y. (Denis M. Hurley, of Brooklyn, N. Y., of counsel), for appellee Savings Bank.

Samuel C. Duberstein, of Brooklyn, N. Y. (Max Schwartz, of Brooklyn, N. Y., on the brief), for trustee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The Lincoln Savings Bank was a first mortgagee of certain realty owned by the bankrupt, Kings County Real Estate Corporation; the Realty Associates was a second mortgagee. During the administration of the estate in bankruptcy, the Realty Associates asked leave of the court to foreclose, and that the rents meanwhile falling due should be se-

questered for its benefit under a clause in the mortgage assigning them to it and authorizing it to apply for a receiver upon filing a bill to foreclose. The court passed an order directing the bankruptcy trustee to segregate the rents for its benefit, "subject to the allowance to the said trustee of necessary and reasonable expenses incurred in the general administration of the mortgaged premises." Apparently the leave to foreclose was given, though there is in the record no order to that effect; nor does it appear that any suit to foreclose was commenced. About seven months later the first mortgagee in turn applied for leave to foreclose and for an order segregating the rents on its own behalf. The court directed the trustee to apply the rents already collected by him, first, to the payment of any taxes, water rates and assessments then due, and, next, to the second mortgagee; and for the future to collect all rents for the first mortgagee. The point at issue is whether the whole rents collected up to the time of the first mortgagee's application should be paid to the second mortgagee without abatement, or whether the receiver shall pay out of them any taxes and other charges falling due during the period of sequestration.

■ In New York a junior mortgagee, who secures the sequestration of rents through a receiver under a clause in the mortgage assigning them, prevails over senior lienors; the rents are not subject to any lien until a lienor goes into possession, so to say, and they belong to him who first does so. Sullivan v. Rosson, 223 N. Y. 217, 119 N. E. 405, 4 A. L. R. 1400. Moreover, even when the receiver is given leave to pay taxes, he need not; the order is permissive, and, if he thinks the second mortgagee's lien worthless, he may allow the taxes to run up as a prior incumbrance. Ranney v. Peyser, 83 N. Y. 1. The clause in the order procured by the Realty Associates was quite as permissive as that in Ranney v. Peyser; it merely "allowed" the trustee to pay expenses. Assuming that this included current taxes, nevertheless, if the trustee thought that the second mortgagee's interests would be so promoted, he was free, and indeed bound, not to pay them. The first mortgagee had no right to the rents, either to get them for itself, or to use them to exonerate its own lien.

McGregor v. Johnson-Cowdin-Emmerich, Inc., 39 F.(2d) 574 (C. C. A. 2), arose between a mortgagee and the general creditors of the estate; and the mortgagee prevailed, even without any sequestration order. That was because the business was continued at the request of the general creditors and in their own interests, and because taxes were regarded as an expense of that continuation. The general creditors had to pay the charges of a venture in which they had embarked for their own purposes. We need not say whether the decision would be in point, if it here appeared that the second mortgagee had asked to continue the business as an independent venture of its own; whether it would by so doing have put itself in the same position in respect to the first mortgagee, as general creditors did to any mortgagee in McGregor v. Johnson-Cowdin-Emmerich, Inc. In the case at bar it does not appear that the second mortgagee asked for the continuance of the business, or that it wished more than to subject the rents to its lien pending foreclosure. True, foreclosure was delayed, but we do not know why; on the record we have only the usual situation of a mortgagee wishing to bring within his lien all that it can be made to cover. The mortgage assigned the rents, not the net rents after payment of taxes, which were not an obligation of the mortgagee. Such is the law of New York, which as to questions of real property we follow.

Order reversed; the trustee will pay the rents to the Realty Associates without deduction for taxes, water rates, or assessments.