NEW YORK LIFE INSURANCE COMPANY, Respondent, *v.* FULTON DEVELOPMENT CORPORATION and Others, Defendants, Impleaded with THE KLEE CORPORATION, Appellant.

EDWARD J. BRADLEY, as Receiver, Respondent.

First Department, May 4, 1934.

*Francis D. Higson* of counsel [*Jones, Clark & Higson,* attorneys], for the appellant.

*James F. Mullen* of counsel [*Philip J. Lynch, Jr.,* with him on the brief; *Harry H. Bottome,* attorney], for the plaintiff, respondent.

MARTIN, J.   The plaintiff holds the first mortgage on premises at 1950 Andrews avenue, Bronx.   The defendant, appellant, owns a second mortgage on the same premises, which are owned by Fulton Development Corporation.   On September 25, 1931, the plaintiff and Fulton Development Corporation entered into an extension agreement of the first mortgage.   Both the first mortgage and the extension agreement, in addition to the clause providing for the appointment of a receiver, contained the usual clause assigning the rents of the mortgaged premises as further security in the event of a default.

On July 27, 1933, the following defaults existed under the first mortgage: Installments of principal in the sum of $9,500 each, which became due and payable April 1, 1932, October 1, 1932, and April 1, 1933, respectively.   Balance of installment of interest in the sum of $26,166.25, which became due and payable April 1, 1933; balance of taxes for the year 1932 and first half of taxes for year 1933.

An order was made on July 27, 1933, in an action to foreclose the first mortgage appointing a receiver of the rents for the benefit of the plaintiff and the receiver duly qualified and immediately entered into possession of the premises.

That order provides, among other things, that the receiver is directed to demand, collect and receive from the tenant or tenants in possession of said premises all the rents thereof *now due and unpaid* or hereafter to become due.   The appellant claims title to the rents which accrued but were uncollected at the time of the appointment of the receiver by reason of its possession of the mortgaged premises under a separate assignment of rents executed and delivered in the month of January, 1932.

On September 12, 1933, the appellant moved the court in this foreclosure action for an order modifying the order appointing the receiver therein which directed him to turn over all moneys collected by him representing rents which had accrued prior to his appointment and also permitting the appellant to collect directly from the tenants of said premises any and all rents which had

accrued prior to the appointment of said receiver and which were due and remained unpaid. This motion was denied and this appeal is from the order denying said motion.

The question here presented is whether the appellant, the owner of a second mortgage covering said premises and in actual physical possession thereof under said second mortgage and also under a written agreement giving possession, made between it and the owner of said premises subsequent to the making of the second mortgage, is entitled to the rents from the premises which accrued during the actual physical possession of the premises prior to the appointment of the receiver of rents appointed herein for the benefit of the owner of the first mortgage in an action to foreclose said mortgage.

In other words, is a junior mortgagee in possession entitled, as against a senior mortgagee who commences a foreclosure action and has a receiver of rents appointed, to any and all rents from the mortgaged premises which have accrued, that is to say, become due and payable from the tenants but have not been paid at the time of the appointment of such receiver.

The law is now well settled in this State that, as between a junior and a senior mortgagee, the rents collected by a receiver appointed for the benefit of the junior mortgagee belong to the junior mortgagee. (See *Sullivan* v. *Rosson*, 223 N. Y. 217; *Abrahams* v. *Berkowitz*, 146 App. Div. 563; *Madison Trust Co.* v. *Axt, No. 1*, Id. 121.)

Applying the law set forth in the cases cited, especially that of *Sullivan* v. *Rosson* (*supra*), it would seem that the receiver appointed for the first mortgagee would have the right to collect all rents due or to become due, providing these rents were *due to the owner* of the premises. Therein lies the distinction. The receiver may not collect rents due, the title to which is in a third person and not in the owner or mortgagor.

While the mortgagee in possession has title to all the rents up to the date the receiver is appointed, all rents that become due thereafter belong to the receiver under the first mortgage.

In *Empire Trust Co.* v. *Kermacoe Realty Co., Inc.* (149 Misc. 66) the court said: " A clause in a mortgage assigning the rents of the mortgaged premises as security in the event of a default is insufficient in itself to transfer to the mortgagee the right to the rents. The latter must either *enter into possession and actually collect the rents*, or he must apply for and obtain an order appointing a receiver to collect the rents on his behalf."

It is settled law that there is no difference in legal effect between rents collected by a junior mortgagee in possession and rents

collected by a receiver appointed for his benefit. (*Ranney* v. *Peyser*, 83 N. Y. 1; *Schwarz* v. *Alexander*, 178 App. Div. 641.)

In *Freedman's Saving & Trust Co.* v. *Shepherd* (127 U. S. 494) the court said: " It is, of course, competent for the parties to provide, in the mortgage, for the payment of rents and profits to the mortgagee, while the mortgagor remains in possession. But when the mortgage contains no such provision, and even where the income is expressly pledged as security for the mortgage debt, with the right in the mortgagee to take possession upon the failure of the mortgagor to perform the conditions of the mortgage, the general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged premises until he takes actual possession, or until possession is taken, in his behalf, by a receiver; * * * or until, in proper form, he demands and is refused possession." (See, also, *Myers* v. *Brown*, 92 N. J. Eq. 348.)

In *Stewart* v. *Fairchild-Baldwin Co.* (91 N. J. Eq. 86) the court said: " Now a receiver appointed by a court of equity in a foreclosure proceeding is a substitute for taking possession under the common law."

When a mortgagee takes possession under an agreement giving him the right to possession and to the rents as they become due, he is entitled to the same until a receiver is properly appointed to collect the rents for the benefit of a prior or superior mortgage. (*Howell* v. *Ripley*, 10 Paige Ch. 43.)

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted to the extent indicated.

FINCH, P. J., and MERRELL, J., concur; O'MALLEY and UNTERMYER, JJ., dissent and vote to affirm.

Order reversed, with twenty dollars costs and disbursements to the appellant, and the motion granted to the extent indicated in the opinion. Settle order on notice.