SIDNEY KROWTZOFF, an Infant, by SAM KROWTZOFF, His Guardian ad Litem, and SAM KROWTZOFF, Appellants, v. THE LONG ISLAND RAILROAD COMPANY, Respondent.— The infant plaintiff came in contact with a live wire strung eighteen feet above the ground in the defendant's privately-owned freight yard, his contact with the wire resulting from his going to the top of a freight car, which was over fourteen feet from the ground, and on top of which freight car was the body of another boy who was admittedly a trespasser and who had been hurt by the wire; the claim of the infant plaintiff being that he was engaged in a " rescue " of the first injured boy. The trial court dismissed the complaint at the close of the plaintiffs' case. Judgment unanimously affirmed, with costs, this court being of opinion that no negligence on the part of the defendant was established. Present Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

HIRAM E. MEEKER, as Receiver of the FIRST NATIONAL BANK IN MAMARONECK, Respondent, v. MAYFAIR CLEANERS AND DYERS, INC., and Others, Defendants; MELE HOLDING CO., INC., Appellant.— Order from which an appeal is taken, granted July 9, 1934, modified by striking therefrom the words " now due and unpaid or," contained in the first ordering paragraph of the order which it resettles, and as so modified the order is affirmed, without costs. The receiver appointed on the motion of the second mortgagee on May 15, 1933, held possession of the premises as the representative of the said mortgagee. Particularly was this true after the foreclosure and sale of the property on September 27, 1933, although the plaintiff did not fully consummate the sale by taking a deed from the referee. The rents that accrued prior to the extension of the receivership to the plaintiff's first mortgage by the order of March 23, 1934, even though unpaid, were applicable to the payment of any deficiency arising on the foreclosure sale. ( New York Life Ins. Co. v. Fulton Development Corp., 241 App. Div. 103.) Lazansky, P. J., Young and Davis, JJ., concur; Kapper and Hagarty, JJ., dissent on the ground that unpaid rents belong to the receiver under the first mortgage, under authority of Palmieri v. New York Preparatory School (232 App. Div. 848) and cases there cited, being of the opinion that the second mortgagee is in no better position than the owner.