In the Matter of New York Title and Mortgage Company.
(Series N-25.)

Supreme Court, New York County, September 26, 1935.

*Benjamin J. Rabin* [*Henry Weiner* of counsel], for the Mortgage Commission.

*Harry Rodwin* [*Samuel A. Reiser* of counsel], for the Superintendent of Insurance.

*Hellinger & Reichart* [*Saul S. Myers* and *Joshua Hellinger* of counsel], for Certificate Holders' Committee and Promulgating Certificate Holders.

*Frederick A. Jackson,* a certificate holder.

*Harry Friedman,* a certificate holder.

FRANKENTHALER, J.   This is a Schackno Act proceeding for the approval of a plan for the readjustment of the rights of holders of mortgage investments represented by series N-25 first mortgage participation certificates issued and guaranteed by the New York Title and Mortgage Company.   These certificates represent interests in a mortgage on the premises located at 390 Riverside drive, borough

of Manhattan, New York city, which have been improved by a fifteen-story apartment house. The mortgage was made in June, 1924, in the sum of $1,150,000, and the unpaid principal amount was subsequently reduced to $1,006,250. There has been default in the payment of amortization installments since 1932 and in the payment of interest since 1933.

On September 19, 1933, an arrangement was entered into under the terms of which the owner of the property agreed to make payments of $6,500 on the twenty-fifth of each month toward the liquidation of arrears. This agreement was to terminate on September 25, 1934, at which time the title company, in rehabilitation, was to make an audit of the owner's books and to receive for application on account of arrears any surplus moneys that might be shown over and above the stipulated payments. At the same time, the title company received from the owner an assignment of rents delivered in escrow. The practical effect of such assignments has frequently been commented upon in the course of hearings in connection with plans of reorganization. It has been pointed out that to transfer to the mortgagee the right to the rents " the latter must either enter into possession and actually collect the rents, or he must apply for and obtain an order appointing a receiver to collect the rents on his behalf." (*Empire Trust Co.* v. *Kermacoe Realty Co., Inc.*, 149 Misc. 66.) (See, also, *Sullivan* v. *Rosson*, 223 N. Y. 217.)

On August 25, 1934, the owner failed to make the payment agreed upon. Late in September an outright assignment of rents was obtained and actual possession of the property taken. In the meantime, the owner collected approximately $11,000 representing seven weeks' rents which have never been accounted for.

This mortgage loan was secured by a collateral bond with two guarantors, but up to the time of the hearing herein, no steps had been taken to enforce the rights of the certificate holders in that bond. The attention of the trustee to be selected for this issue is called to these matters so that he might take appropriate action upon his qualification.

The proposed plan will be modified to conform with that approved in series BX-19, as amended, in connection with series BX-17, and as so modified will be approved. Settle order and plan on three days' notice.