■ FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff, v BRIARWOOD HOLDING CORP. et al., Defendants, and EVA CHESS, Respondent. MORTON M. HAVES, Appellant.—In a mortgage foreclosure action, the receiver appointed therein appeals from so much of an order of the Supreme Court, Nassau County, dated June 20, 1975, as denied the branch of his motion which

sought to compel respondent, the assignee of the second mortgagee, to account for and to turn over all security deposits and rents collected from October 1, 1974 (the date she entered into possession) until April 26, 1975 (the date she received notification of the appointment of the receiver). Order modified, on the law, by deleting the date April 26, 1975 from the second decretal paragraph thereof, and substituting therefor the date April 17, 1975. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The findings of fact are affirmed. There were simultaneous defaults on the first and second mortgages in September, 1974. The first mortgagee did not take any steps in connection with the default until April 17, 1975, at which time it instituted the instant foreclosure action and caused the appointment of a receiver. In the interim, the respondent entered into possession on October 1, 1974, pursuant to provision therefor in the second mortgage; she proceeded to collect rents and to make certain payments in connection with maintenance. The receiver has no right to the net sums received by the second mortgagee prior to his appointment (see *Ranney v Peyser,* 83 NY 1; Ann. 95 ALR 1051; 20 NY Jur, Equity, § 93). However, the second mortgagee must account for the sums received by her during the nine-day period subsequent thereto and up to the date of her receipt of notification of the receiver's appointment. The lapse of such period does not constitute laches in the absence of proof of rendition of unusual services by the mortgagee in possession during that time. Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.