■ GEORGE W. ROBERTSON, SR., Appellant, v COLUMBIA SAND & GRAVEL, INC., et al., Defendants, and NATIONAL COMMERCIAL BANK & TRUST CO., Respondent.—Appeal from an order of the County Court of Columbia County, entered October 12, 1979, which confirmed and ratified the Referee's report of sale, and authorized payment to defendant National Commercial Bank & Trust Company of the balance of rent receipts collected during the pendency of a mortgage foreclosure action. Judgment by default was entered in plaintiff's favor in a mortgage foreclosure action instituted by plaintiff against real estate owned by defendant mortgagor Columbia Sand & Gravel, Inc. Plaintiff subsequently purchased the mortgaged property at a foreclosure sale. After the sale, the Referee's report indicated that a $94,227.50 deficiency was still owing plaintiff. A receiver of rents and profits appointed on plaintiff's motion collected approximately $30,000 in rents during the foreclosure proceedings from the tenant occupying part of the mortgaged premises. The receiver then sought direction from the Columbia County Court as to the disposition of the rents collected. The court determined that payment of these funds was to be made to the defendant National Commercial Bank & Trust Company based on the mortgagor's assignment to it of a lease and the rents thereunder. Although plaintiff's mortgage was given prior to the lease and the assignment to the bank, it was expressly made subordinate thereto by recorded agreement between plaintiff and the mortgagor. The other defendants in the action were judgment creditors against the foreclosed property and are not parties to this appeal. The order of the County Court should be affirmed. The assignee of a lease created by separate instrument has priority over a subordinate mortgagee who obtains appointment of a receiver of rents collected under the lease during mortgage foreclosure proceedings (Abrahams v Berkowitz, 146 App Div 563, 566; Harris v Taylor, 35 App Div 462). Thus, the County Court properly ordered that the rents collected by the receiver be turned over to the defendant bank. Here the bank was a prior assignee by virtue of plaintiff's agreement to subordinate his mortgage. Moreover, the assignment language indicated a complete, unqualified and present transfer of a security interest in the lease rents to the bank (see Matter of Title & Mtge. Guar. Co. of Sullivan County, 275 NY 347). The failure of the bank to participate in plaintiff's foreclosure action is irrelevant. Order affirmed, with costs. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.